**Charles E. REESE, et al., Appellants,**

v.

**Ardalia REESE, Appellee.**

**No. 10–84–038–CV.**

Court of Appeals of Texas,
Waco.

May 31, 1984.

W.V. Dunnam, Jr., Dunnam, Dunnam, Horner & Meyer, Waco, for appellants.

Steve Robertson, Robertson & Robertson, P.C., Clifton, for appellee.

## OPINION

THOMAS, Justice.

This is an appeal of a judgment in a trespass to try title suit. Following a bench trial, the district court entered judgment that Appellants, Joe and Charles Reese, held title to a certain house and lot, but the court denied them recovery of damages or a writ of possession because of a prior judgment between the parties in a forcible detainer proceeding.

Joe and Charles raise three points of error, alleging the court erred in: (1) failing to render a judgment in their favor for possession; (2) denying them a writ of possession; and (3) refusing to award them a judgment for the rental value of the premises. We reverse and remand.

Lila Reese is the mother of three sons, Joe, Charles and Harry. Harry, who died July 31, 1981, was married to Ardalia. On April 12, 1974, Lila conveyed a house and lot to Harry and Ardalia by general warranty deed. Harry and Ardalia reconveyed the property to Lila on May 7, 1974, by general warranty deed. Lila conveyed the property by general warranty deed to Joe and Charles on September 18, 1981. The parties stipulated that the deed from Harry and Ardalia to Lila, dated May 7, 1974, is the common source of title.

Joe and Charles sued Ardalia on April 22, 1983, to recover possession of the house and lot in a forcible detainer proceeding in the justice court. Ardalia apparently contended in the justice court that Lila had

orally agreed she could occupy the premises so long as she lived in return for services rendered or to be rendered to Lila. The docket sheet of the justice court, which was introduced as an exhibit in the trespass to try title suit, recites that the parties appeared in person or through their attorneys; that the court had jurisdiction and venue; that evidence and argument was presented; and that the jury returned a verdict on May 22nd finding Ardalia "is entitled to possession of the premises for the rest of her life". The justice of the peace entered a judgment on the same date that Ardalia was entitled to possession "in accordance with [the] verdict". Joe and Charles did not appeal the adverse judgment in the forcible detainer proceeding, and it has become final.

On June 27th, Joe and Charles filed a trespass to try title suit against Ardalia, alleging they held fee simple title to the house and lot and that Ardalia unlawfully entered into possession of the premises on September 1, 1982. They sued for title, a writ of possession and damages. Ardalia answered with a "not guilty" plea and pled the final judgment in the forcible detainer suit in *res judicata* on the issue of possession. Ardalia admitted the premises had a rental value of $500 a month. The judgment of the district court settled title in Joe and Charles but denied them recovery of damages or a writ of possession during the life of Ardalia.

The crux of the parties' disagreement is over the effect of the judgment in the forcible detainer proceeding. Joe and Charles claim the judgment is void because no landlord-tenant relationship existed, and by allegedly determining the existence of a life estate in Ardalia, the justice court litigated title to the property, which is beyond its jurisdiction. They also argue that the doctrine of *res judicata* is not applicable to the issue of possession by virtue of Tex.R. Civ.Stat.Ann. art. 2226a. Ardalia claims the judgment is valid and that the issue of possession has already been litigated between the parties in the forcible detainer proceeding. She argues that the doctrine of *res judicata* precludes the possession issue from being relitigated between the parties in a trespass to try title suit.

■ Assuming *arguendo* that the judgment in the forcible detainer suit is valid, we nevertheless hold art. 2226a precludes Ardalia from asserting *res judicata* on the issue of possession in the district court proceeding. Art. 2226a reads in pertinent part:

A determination of fact or law or a judgment in any proceeding in the Small Claims Court, Justice of the Peace Court, County Court, County Civil Court at Law, County Criminal Court at Law, or County Court at Law shall not be res judicata and shall not constitute a basis for estoppel by judgment in any proceeding in a District Court, except that any such judgment shall be binding on the parties thereto as to the recovery or denial thereof rendered in that particular case, and further except that all judgments in probate, guardianship, lunacy and other matters over which said inferior courts shall have exclusive jurisdiction of the subject matter, on a basis other than the amount in controversy, shall not be affected thereby.

Art. 2226a, which explicitly states that the judgment of the justice court shall not be *res judicata* in any proceeding in the district court, contains the following pertinent exception: "except that any such judgment shall be binding on the parties thereto as to the recovery or denial thereof rendered in that particular case".

■ We construe the quoted exception as limiting application of the doctrine of *res judicata* to the justice court. For example, the doctrine would bar another forcible detainer suit by Joe and Charles against Ardalia for possession of the same premises in the justice court, as the forcible detainer judgment binds the parties on the issue of right to immediate possession in the justice court. To hold that the quoted exception allows the doctrine of *res judicata* to operate in the district court to preclude relitigation of the issue of possession between the

parties would contravene the express prohibition of art. 2226a and render the statute meaningless.

Therefore, we hold the court erred in giving effect to the final judgment of the justice court on the issue of possession in the trespass to try title suit. However, evidence on the possible existence of a parol lease for the length of Ardalia's life was not developed in the district court. Finding error in the judgment, the ends of justice would be best served by a remand rather than our rendering judgment. *United States Fire Insurance Company v. Carter,* 473 S.W.2d 2 (Tex.1971).

The points of error are sustained, the judgment of the trial court is reversed, and the cause is remanded for a new trial.