TEXAS ELECTRIC UTILITIES
COMPANY, Appellant,

v.

Urbana R. ROCHA and Celia G. Rocha
and Evangaline Ponce, Appellees.

No. 08–88–00162–CV.

Court of Appeals of Texas,
El Paso.

Nov. 30, 1988.

Rehearing Denied Jan. 4, 1989.

Pat Long, Michael McKinney, Stubbeman, McRae, Sealy, Laughlin and Browder, Inc., Midland, for appellant.

Les Mendelsohn, Richard V. Secord, Mendelsohn, Heidelberg, Longoria & Beer, Inc., San Antonio, for appellees.

Before OSBORN, C.J., and
SCHULTE and FULLER, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal is from an order dismissing a counterclaim seeking a declaratory judgment absolving a defendant of all liability in a tort case after the plaintiffs took a nonsuit. We affirm.

The case was first filed as a wrongful death and survival action in a district court of Bexar County seeking damages for the deaths of three minor children. On a motion for change of venue, the case was transferred to a district court in Midland County. Upon learning of the plaintiffs' plan to take a nonsuit, Texas Electric, the defendant, filed a counterclaim seeking a declaratory judgment absolving it of all liability arising out of the deaths of the three minor children. After the counterclaim was filed, the plaintiffs took a nonsuit and filed a motion to dismiss the counterclaim. From the granting of that motion, Texas Electric files this appeal.

---

By three points of error, it is asserted that the trial court erred in dismissing the Appellant's counterclaim because it had jurisdiction over the counterclaim and because it was an abuse of discretion to fail to hear evidence and then decide the merits of the counterclaim.

■ Three recent Texas cases have passed on this issue and the holding in all three are contrary to the Appellant's contentions. First, in 1981, the Corpus Christi Court of Civil Appeals in *Newman Oil Company v. Alkek*, 614 S.W.2d 653 (Tex. Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.), considered a case where the trial court granted a summary judgment on a counterclaim which sought declaratory relief after the plaintiff had filed a motion for nonsuit. In reversing that judgment, the Court said:

> In order for a defendant to qualify as seeking affirmative relief in his counterclaim, his pleadings must allege facts which show that he has a cause of action, independently of plaintiff's claim, on which he might proceed to recover benefits, compensation, or relief even though plaintiff abandons his cause of action or fails to establish it. If the defendant is doing no more than resisting plaintiff's recovery, the plaintiff has the absolute right to a nonsuit. *Hoodless v. Winter*, 80 Tex. 638, 16 S.W. 427 (1891); *Ex Parte Helle* [, 477 S.W.2d 379 (Tex.Civ. App.—Corpus Christi 1972) ], *supra*.

For a second decision by the same court in that same case, see *Newman Oil Company v. Alkek*, 657 S.W.2d 915 (Tex.App.— Corpus Christi 1983, no writ).

In 1982, a similar issue was before the Dallas Court of Appeals in *K.M.S. Research Laboratories, Inc. v. Willingham*, 629 S.W.2d 173 (1982, no writ). In that case, the trial court dismissed the counterclaim after the plaintiff took a nonsuit. The court reviewed both federal and state cases and in finding no abuse of discretion said:

> Thus, following the express intention of the Act to harmonize the laws of Texas with those other States and the federal laws, we hold that KMS improp-

erly attempted to litigate its liability to Willingham by seeking a declaratory judgment. Therefore it could not have stated a cause of action under the Act and Willingham's motion to dismiss was properly denied [sic; meant to be "granted"].

The most recent case, and one upon which both parties rely, is *Abor v. Black*, 695 S.W.2d 564 (Tex.1985). That litigation also began as a wrongful death action which was filed in state court in Harris County against Eli Lilly who removed the case to federal court. After the plaintiff joined Scott & White Hospital and various staff members, the case was dismissed for want of diversity jurisdiction. While no suit was pending, Scott & White filed a declaratory judgment action in Bell County. The plaintiff refiled her suit in Harris County and then filed a plea in abatement in the Bell County suit. After the plea was denied, a writ of mandamus was sought in the Supreme Court of Texas. In deciding the basic issue of what a trial court should do where a defendant seeks a declaration of non-liability in a tort claim, the Court said:

> Because our statute appears to give the courts jurisdiction over declarations of nonliability of a potential defendant in a tort action, we find that the Bell County District Court had jurisdiction over the suit. However, we hold that the trial court should have declined to exercise such jurisdiction because it deprived the real plaintiff of the traditional right to choose the time and place of suit.

■ In our case, the place of suit for trial in a state court has been fixed. Where the case has been transferred and then dismissed before trial, the transfer is res judicata of the venue question in any subsequent suit between the parties. *Roach v. Trinity Universal Ins. Co.*, 119 S.W.2d 127 (Tex.Civ.App.—Texarkana 1938, no writ). Nevertheless, the plaintiffs may still choose the time to try their case. We conclude the trial court did not err in dismissing the Appellant's counterclaim. Points of Error Nos. One and Two are overruled.

Likewise, we find no error upon the part of the trial court in failing to hear evidence. First, we note that there is no bill of exception to show what evidence the Appellant would have the trial court consider and absent a statement of facts or bill of exceptions, an appellate court has no basis for reviewing a contention that the trial court erred in excluding evidence. *McInnes v. Yamaha Motor Corp., U.S.A.*, 673 S.W.2d 185 (Tex.1984), cert denied, 469 U.S. 1107, 105 S.Ct. 782, 83 L.Ed.2d 777 (1985). Second, whatever the evidence might have been, it could not change the basic right of the Appellees to choose the time to try their case. Point of Error No. Three is overruled.

The order of the trial court dismissing the counterclaim is affirmed.