**Albert McCLENDON, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Robert F. Hyatt, III, Appellees.**

No. 08-89-00240-CV.

Court of Appeals of Texas, El Paso.

Aug. 1, 1990.

Rehearing Overruled Oct. 10, 1990.

Isaac E. Henderson, Perkins & Henderson Associates, Houston, for appellant.

David E. Lueders, Lueders & Boanerges, James Boanerges, Lueders & Boanerges, Houston, Ruben Hope, Jr., Ruben Hope & Associates, P.C., W. Scott Goleman, Ruben Hope & Associates, P.C., Conroe, for appellees.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

Appellant brought suit against his automobile insurance company for unfair settlement practices and breaches of contract and fiduciary relationship, and against the insurance company's attorney for negligence in prosecuting a prior subrogation suit in county court. Appellees were granted summary judgments. Appellant brings this appeal claiming in a single point of error that the trial court erred in granting the summary judgments.

When confronted with an appeal from a summary judgment, the appellate court ordinarily must review the record to determine whether a disputed material fact issue exists that would preclude a summary judgment. *Bayouth v. Lion Oil Company*, 671 S.W.2d 867, 868 (Tex.1984). In this case, the facts are relatively undisputed, the real dispute being over the application of the law to those facts. As in all summary cases, defendants moving for summary judgment have the burden of showing as a matter of law that the plaintiff has no cause of action against them. *Castillo v. Sears, Roebuck & Co.*, 663 S.W.2d 60, 64 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). The controlling issue presented to us by the trial court pleadings and the briefs filed herein is whether a judgment for property damage obtained in a statutory county court in a subrogation suit brought by the insurer in the name of its insured against a tortfeasor is res judicata to a subsequent suit in district court brought by the insured against the same tortfeasor for personal injuries arising out of the same accident giving rise to the property damage. The trial court apparently concluded it was not res judicata. We affirm.

These are the facts. In August 1985, Albert McClendon ("McClendon"), Appellant, was involved in an automobile accident when his automobile which he was driving, was rear-ended by a taxicab driven by Irma Holton Castillo and owned by Yellow Cab Company of Houston and its parent, Greater Houston Transportation Company. As a result of the accident, McClen-

don suffered personal injuries and damage to his automobile, for the latter of which his insurance company, State Farm Mutual Automobile Insurance Company ("State Farm"), one of the Appellees herein, paid him. Under the terms of the insurance policy, State Farm had a right of subrogation for the amount paid. Pursuant to that right, State Farm employed Robert F. Hyatt, III, attorney ("Hyatt"), the other Appellee herein, to bring suit against Castillo to recover the amount paid to McClendon for his property damage. It is disputed whether State Farm or Hyatt gave notice to McClendon of the impending subrogation suit. Suit was filed in a Harris county court at law in McClendon's name as plaintiff for property damage in the amount of $2,700.57 and subsequently settled without trial, with a take-nothing judgment entered on October 23, 1986. At the time the original causes of action arose and at the time this suit was filed, statutory county courts in Harris County had a jurisdictional limit of the amount in controversy of $20,000.00.

On October 16, 1986, McClendon apparently without knowledge of the subrogation suit, filed a personal injury suit for $60,000.00 damages against Castillo, Yellow Cab Company and Greater Houston Transportation Company in the 270th District Court of Harris County. When the latter case was called for trial, McClendon, confronted for the first time with the county court judgment and a claim of res judicata, reacted by taking a nonsuit. On the following day, there was an agreed withdrawal of the nonsuit and reinstatement of McClendon's suit. Following a jury trial, judgment was entered on September 23, 1988, which ordered that McClendon's suit against the three defendants "be dismissed on grounds of res judicata...." Shortly thereafter, McClendon filed this suit against State Farm and Hyatt.

■ As is generally well-known, res judicata is a principle followed by the courts that prohibits further litigation in a subsequent suit of the same issue of fact or law that has been previously decided by a court of competent jurisdiction in a suit between the same parties or their privies. *Oklahoma v. Texas*, 256 U.S. 70, 85–87, 41 S.Ct. 420, 422–28, 65 L.Ed. 831, 834 (1921); *Benson v. Wanda Petroleum Company*, 468 S.W.2d 361, 363 (Tex.1971). Under the law as it existed prior to 1965, there is no question that the proper application of the doctrine (as it is often called) of res judicata would have resulted in the dismissal of the district court suit. In 1965, Article 2226a of the Revised Civil Statutes of Texas was enacted into law. This law provided in substance that a determination of fact or law or a judgment in a justice of the peace court, county court or other lower trial court would not be res judicata in any proceeding in a district court, except that a judgment would "be binding on the parties thereto as to the recovery or denial thereof rendered in that particular case...." Tex. Rev.Civ.Stat.Ann. art. 2226a, sec. 1 (Vernon 1971).

Article 2226a was codified in modified form with the adoption in 1985 of the Texas Civil Practice and Remedies Code. Tex. Civ.Prac. & Rem.Code Ann. sec. 31.004 (Vernon 1986) now provides in part:

(a) A judgment or a determination of fact or law in a proceeding in a lower trial court is not res judicata and is not a basis for estoppel by judgment in a proceeding in a district court, except that a judgment rendered in a lower trial court is binding on the parties thereto as to recovery or denial of recovery.

.        .        .        .        .

(c) For the purposes of this section, a "lower trial court" is a small claims court, a justice of the peace court, a county court, *or a statutory county court.* (Emphasis added).

As far as we can determine, there are no reported Texas cases since the enactment of Section 31.004 and its predecessor, Article 2226a, directly on the question of whether a prior subrogation suit for property damage in a county court, statutory or constitutional, bars a subsequent suit brought in district court by the same person for personal injuries arising out of the same accident or transaction.

■ There are two cases under Article 2226a, *Reese v. Reese*, 672 S.W.2d 1, 2 (Tex.App.—Waco 1984, no writ) and *McCloud v. Knapp*, 507 S.W.2d 644, 646 (Tex.Civ.App.—Dallas 1974, no writ), which expressly stand for the proposition that a judgment in a justice court is not res judicata to an action in a district court involving the same parties and essentially the same issue. In *Reese*, the issue was the right to possession of certain real property determined in a forcible detainer action adversely to the plaintiffs in a subsequent trespass to try title suit in district court. *McCloud* involves another case of right to possession of real property determined by justice court, this time the forcible detainer action in justice court having been filed and determined after the filing of a district court action for a declaratory judgment adjudicating the plaintiff's right to possession under an oral lease agreement but before a summary judgment adverse to the plaintiff was granted by the district court on the basis of res judicata of the forcible detainer judgment. The purpose of the statute (Article 2226a) was to preclude a judgment in a court of limited jurisdiction from controlling the results in a suit in a district court. *McCloud*, 507 S.W.2d at 647.

The situation in *Reese* and *McCloud* is the same one confronting us with a few differences. The first obvious difference is that the subrogation suit and judgment were in a statutory county court rather than a justice court. The second difference is that while McClendon was named as party plaintiff in the subrogation suit, as the subrogee was required to do, the real party in interest was State Farm rather than McClendon. State Farm had no right to sue for McClendon's personal injury damages. The latter difference, if anything, makes the case against the application of res judicata somewhat stronger. McClendon had no control over the subrogation suit in county court and did not have his day in court in any real sense. *Benson*, 468 S.W.2d at 363. McClendon contends that the exception clause in Section 31.004(a), "except that a judgment rendered in a lower trial court is binding on the parties thereto as to recovery or denial of recov-

ery[,]" applies to his case since the county court at law determined the recovery or denial thereof between the parties. We consider the plain meaning and purpose of that clause to be the prevention of a double recovery by a party in two different levels of trial courts; that is, neither McClendon nor State Farm, after recovering, or being denied recovery of, property damages in a county court, would be permitted to sue in district court for the same property damages.

McClendon argues further that the denial of res judicata in this case would threaten the public policy of this state of avoiding a multiplicity of lawsuits through application of res judicata and would be contrary to the rules against splitting causes of action as enunciated in such cases as *Traders & General Insurance Company v. Richardson*, 387 S.W.2d 478 (Tex.Civ.App.—Beaumont 1965, writ ref'd); *Garrett v. Mathews*, 343 S.W.2d 289 (Tex.Civ.App.—Amarillo 1961, no writ); and *Cormier v. Highway Trucking Company*, 312 S.W.2d 406 (Tex.Civ.App.—San Antonio 1958, no writ). To the limited extent of its application, Section 31.004 does create an exception to the general rule against splitting. The legislature determined in passing Article 2226a and its successor, Section 31.004 that it did not want suits in courts of limited jurisdiction to foreclose action in a district court involving the same parties and issues. Whether, in light of the unlimited jurisdictional amount now given to some statutory county courts, the law should be amended is for future legislative determination.

We hold that under Section 31.004, the judgment in the subrogation suit for property damage in county court at law was not res judicata to the personal injury suit later filed by McClendon in district court involving the same parties and issues, except as to the total amount of property damages sued for in the subrogation suit. This holding does not constitute a collateral attack on the judgment of the 270th District Court since as a final judgment, it remains unaffected.

■ Raised as "Contention Two" under McClendon's single point of error is a question over the effect of McClendon tak-

ing a nonsuit on the day his case against Castillo and the cab company was called for trial. State Farm asserts that once nonsuited, the court lost jurisdiction of the case and could not reinstate his suit even though there was an agreed withdrawal and reinstatement by the parties, citing *Texas Electric Utilities v. Rocha*, 762 S.W.2d 275 (Tex.App.—El Paso 1988, writ denied); *Newman Oil Company v. Alkek*, 657 S.W.2d 915 (Tex.App.—Corpus Christi 1983, no writ); and *Newman Oil Company v. Alkek*, 614 S.W.2d 653 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). These cases support the proposition that under Tex.R.Civ.P. 162, a plaintiff has the right to take a nonsuit at anytime before he has introduced all of his evidence, but the resulting dismissal may not prejudice the right of the adverse party to be heard on his claim for affirmative relief. However, the trial court, upon the filing of a timely motion by plaintiff addressed to its sound discretion, may reinstate the dismissed cause of action. *Chester v. Texas Employers Ins. Ass'n.*, 265 S.W.2d 648, 649 (Tex.Civ.App.—Texarkana 1954, writ ref'd n.r.e.). Here, the parties agreed to the reinstatement of McClendon's cause of action. There is nothing in the record to suggest, nor does State Farm claim, an abuse of discretion by the trial judge in reinstating the suit.

Since, under our ruling, the judgment in the county court subrogation case was not res judicata to the case filed in district court by McClendon for his personal injuries, his suit against Castillo and the cab companies need not have ended with the denial of his motion to modify judgment or for new trial. His causes of action against State Farm and Hyatt, based entirely on the res judicata ruling of the 270th District Court as they were, must fall as a matter of law. We find no merit in the remainder of McClendon's contentions. His point of error is overruled.

Finding no error in the summary judgments granted by the trial court, judgment is affirmed.