Wren v. Gusnowski 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00679-CV







James Wren, Appellant



v.



Ken Gusnowski, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY


NO. 3017, HONORABLE KEVIN HENDERSON, JUDGE PRESIDING








 Appellant James Wren sued appellee Ken Gusnowski in the county court at law of
Williamson County alleging both contract and fraud claims. The county court granted summary
judgment for Gusnowski on the ground that Wren's causes of action were barred by res judicata
as a result of the judgment rendered in an earlier suit brought by Wren in justice court. On
appeal, Wren raises two points of error contending that the trial court erred in applying the
doctrine of res judicata to his fraud claim. We will affirm in part and reverse and remand in part.

FACTUAL AND PROCEDURAL BACKGROUND


 In the course of negotiating for the purchase of Gusnowski's nursery business,
Wren gave Gusnowski $5,000 earnest money. When negotiations broke down, Wren declined
to go through with the purchase and Gusnowski refused to return the $5,000. Wren filed suit pro
se against Gusnowski in the justice court of Williamson County. Wren's suit sought only the
return of his $5,000 earnest money deposit. As the sole basis of recovery, Wren alleged that he
had not agreed to a proposed contract. Following a nonjury trial, the justice court rendered
judgment in favor of Gusnowski, holding that Wren failed to meet his burden of proof. Wren did
not timely perfect an appeal of this judgment.

 After the justice court's judgment became final and nonappealable, Wren brought
the present suit in the county court at law of Williamson County seeking to recover the same
$5,000. Besides the claim that no contract existed between the parties, Wren also alleged that
Gusnowski fraudulently induced him to pay the $5,000 by misrepresenting the value of the
nursery's inventory and the quality of its greenhouse. In addition to the return of the $5,000,
Wren sought attorney's fees and expenses. (1) The trial court granted Gusnowski's motion for
summary judgment on the ground that both of Wren's claims were barred by the doctrine of res
judicata.



DISCUSSION


 In Wren's second point of error, he argues that the doctrine of res judicata does not
bar his fraud-in-the-inducement claim in county court. (2) We agree.

 Under common law, the doctrine of res judicata (or claim preclusion) "prevents the
relitigation of a claim or cause of action that has been finally adjudicated, as well as related
matters that, with the use of diligence, should have been litigated in the prior suit." Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). The doctrine effectively requires that
all theories of liability be brought in one suit. Id. at 629. The policies behind the doctrine reflect
the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court
decisions, promote judicial economy, and prevent double recovery. Id.

 The present case, however, is not governed by common law principles, but by
section 31.005 of the Texas Civil Practice and Remedies Code, which states:



A judgment or a determination of fact or law in a proceeding in small claims court
or justice of the peace court is not res judicata and does not constitute a basis for
estoppel by judgment in a proceeding in a county court or statutory county court,
except that the judgment rendered is binding on the parties thereto as to recovery
or denial of recovery.

Tex. Civ. Prac. & Rem. Code Ann. § 31.005 (West 1986). We have found no Texas cases
construing section 31.005. However, a virtually identical provision is contained in section
31.004, (3) which has been held to modify the common law to the extent that res judicata bars only
those claims that were actually litigated in the limited-jurisdiction court. See Webb v. Persyn, 866
S.W.2d 106, 107 (Tex. App.San Antonio 1993, no writ); McClendon v. State Farm Mut. Auto.
Ins. Co., 796 S.W.2d 229, 232 (Tex. App.El Paso 1990, writ denied). Those cases have held
that, under the statute, res judicata does not bar unlitigated claims simply because they could have
been litigated in the lower trial court. Id.

 Because Wren's fraud-in-the-inducement claim was not actually litigated in the
justice court, we hold that it is not barred by the doctrine of res judicata in Wren's action in
county court. (4)


CONCLUSION


 Having sustained Wren's second point of error, we need not consider his other
point, which also complains of the trial court's application of res judicata to Wren's
fraud-in-the-inducement claim. We sever Wren's fraud-in-the-inducement claim from the rest of
the cause and, as to that claim only, reverse the summary judgment and remand that portion of
the cause for further proceedings in the county court at law. We affirm the remainder of the trial
court's judgment.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and B. A. Smith

Reversed and Remanded in Part; Affirmed in Part

Filed: April 3, 1996

Publish
1.   Wren also alleged that at the trial in justice court Gusnowski had falsely represented
that the contract had been signed and agreed to by both parties. This allegation,
however, is part and parcel of the issue of whether or not an enforceable contract existed
between the parties. We will presume that this issue was dealt with properly when the
justice court heard the case and rendered its judgment in favor of Gusnowski.
2. Wren does not complain about the granting of summary judgment as to his contract
action.
3.   Section 31.004 of the Civil Practice and Remedies Code provides:


(a) A judgment or a determination of fact or law in a proceeding in a lower
trial court is not res judicata and is not a basis for estoppel by judgment in a
proceeding in a district court, except that a judgment rendered in a lower trial
court is binding on the parties thereto as to recovery or denial of recovery.


. . . .


(c) For the purposes of this section, a "lower trial court" is a small claims court,
a justice of the peace court, a county court, or a statutory county court.


Tex. Civ. Prac. & Rem. Code Ann. § 31.004(a), (c) (West 1986) (emphasis added).
4.   We note that rule 574a of the Texas Rules of Civil Procedure, which relates to
appeals from justice courts, provides: "Either party may plead any new matter in the
county or district court which was not presented in the court below, but no new ground of
recovery shall be set up by the plaintiff . . . which was not pleaded in the court below." Tex
R. Civ. P. 574a (emphasis added). Because rule 574a relates only to appeals from justice
courts, and because the present case is not an appeal but a new and technically unrelated suit,
rule 574a is not applicable here. Accordingly, we need not address the interplay between rule
574a and section 31.005.