Opinion issued June 2, 2015



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00708-CV

————————————

**JACOB MATHAI, Appellant**

**V.**

**MAXI REALTY CORPORATION, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 963-026**

---

## MEMORANDUM OPINION

Jacob Mathai leased commercial property from Maxi Realty Corporation. He sued Maxi in county court for breach of the lease agreement; Maxi then sued Mathai in district court for unpaid rent. After receiving summary and final judgment in its favor in district court, Maxi moved for summary judgment in

county court, asserting that Mathai was barred by the other judgment or, alternatively, that Mathai had no evidence of one or more elements of each asserted claim. The county court granted Maxi's summary-judgment motion. Mathai appealed that judgment but not the district court judgment.

Mathai raises four issues. In the first two, he contends that the trial court erred by granting summary judgment on res judicata grounds. In the next two, he argues that fact issues exist that preclude summary judgment on his claims.

We affirm.

## Background

Jacob Mathai leased commercial space from Maxi in 1996 to operate a washateria. Section 7.1 of the lease required Maxi to keep the roof "in good repair"; however, Mathai was obligated to "give immediate written notice" to Maxi of any needed repairs. The lease stated that Maxi "shall not be responsible in any way for failure to make any such repairs until a reasonable time shall have elapsed after delivery of such written notice which in no event shall be less than thirty (30) days therefrom."

Mathai sent written notices to Maxi of roof leaks in 1998 and 2002. According to Mathai, the roof was not repaired. Nevertheless, Mathai signed a lease amendment in 2008, extending the lease to 2013. A few months later, Hurricane Ike hit and, according to Mathai, significantly worsened the roof leaks.

2

While there is evidence that Maxi was aware of the damage caused to the roof by the hurricane—the record contains a "hurricane" repair estimate addressed to Maxi—there is no indication in the record that Mathai sent written notice to Maxi specifying a need for roof repairs after the 2008 lease renewal.

Mathai filed suit against Maxi in county court in 2010, asserting claims for "breach of contract, violations of the Texas Property Code, conversion, and fraud." Maxi answered the suit. While that suit was pending, Maxi filed a separate suit against Mathai in district court for unpaid rent. Mathai filed an original answer followed by an "amended answer and counterclaim." The amended answer generally denied Maxi's allegations; specifically denied that Maxi's sworn account was accurate; asserted affirmative defenses of fraud, estoppel, promissory estoppel, and "prior and material breach"; and asserted a claim for conversion of Mathai's property, which Mathai alleged had been left on the premises.

Subsequently, the district court entered an order granting Maxi summary judgment and awarding it $129,039.26 in damages, plus postjudgment interest and attorney's fees. The order specified that it was a final judgment. Mathai did not appeal.

Back in county court, Maxi filed a motion for summary judgment arguing two points. First, Maxi argued that the final judgment in district court barred Mathai from continuing to pursue his claims in county court. Second, Maxi argued

that Mathai had no evidence to support his various affirmative claims. Mathai filed a response opposing the motion. Mathai contended that his "claims in this case were never litigated in the District Court matter." The county court granted Maxi's summary-judgment motion without specifying the basis for its ruling. The order provided that Mathai take nothing on his claims against Maxi and that it is a final judgment. It is this county-court judgment that Mathai now appeals.

## Applicable Law

"Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992); *see Smith v. Brown*, 51 S.W.3d 376, 379 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). To establish a right to judgment, as a matter of law, on the affirmative defense of res judicata, the movant must prove "(1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *accord Barnes v. United Parcel Serv., Inc.*, 395 S.W.3d 165, 173 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

4

"Issue preclusion, or collateral estoppel, prevents relitigation of particular issues already resolved in a prior suit." *Barr*, 837 S.W.2d at 628. A party asserting the doctrine must prove three things:

> (1)  the facts sought to be litigated in the second action were fully and fairly litigated in the first action;
>
> (2)  the facts were essential to the judgment in the first action, and
>
> (3)  the party against whom collateral estoppel is sought was a party in the first action.

*Barnes*, 395 S.W.3d at 174.

Res judicata and collateral estoppel are affirmative defenses. TEX. R. CIV. P. 94; *Barnes*, 395 S.W.3d at 173. A defendant who moves for summary judgment on the basis of an affirmative defense has the burden to prove conclusively all the elements of the affirmative defense as a matter of law. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *see Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

We review a trial court order granting summary judgment de novo. *Joachim*, 315 S.W.3d at 862. In reviewing the evidence, we take as true the nonmovant's summary-judgment evidence and indulge every reasonable inference in favor of the nonmovant. *See Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

When, as here, the trial court's order does not specify the ground or grounds on which summary judgment was rendered, we will affirm the summary judgment if any of the grounds stated in the motion is meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

## District Court Judgment

We begin by noting that Mathai has not appealed the district court's judgment that granted Maxi summary judgment on its past-due rent claim and Mathai's conversion counterclaim. The propriety of that order is not before us.

## County Court Judgment

In challenging the county-court judgment, Mathai makes four arguments. The first two relate to the concepts of res judicata and collateral estoppel. The next two concern the merits of his claims. We turn first to the preclusion arguments.

**A.      Argument for exception to res judicata law**

In his first issue, Mathai argues that the county court erred in granting Maxi summary judgment because his breach-of-contract claim was never "fully litigated" in the district court. He relies on three cases: *Kizer v. Meyer, Lytton, Alen & Whitaker, Inc.*, 228 S.W.3d 384 (Tex. App.—Austin 2007, no pet.), *Webb v. Persyn*, 866 S.W.2d 106 (Tex. App.—San Antonio 1993, no writ), and *McClendon v. State Farm Mut. Auto Ins. Co.*, 796 S.W.2d 229 (Tex. App.—El Paso 1990, writ denied).

These cases stand for the legal principle that a party is not barred from pursuing a claim in district court after receiving a favorable or unfavorable judgment on other claims in county court, even when the two suits involve the same parties and issues. *E.g.*, *McClendon*, 796 S.W.2d at 232. This is an exception to general estoppel rules. *Kizer*, 228 S.W.3d at 391–92; *McClendon*, 796 S.W.2d at 232–33. The exception is codified in section 31.004 of the Civil Practice and Remedies Code, which states:

> A judgment or a determination of fact or law in a proceeding in a lower trial court is not res judicata and is not a basis for estoppel by judgment in a proceeding in a district court, except that a judgment rendered in a lower trial court is binding thereto as to recovery or denial of recovery.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.004(a) (West 2015).

The purpose of this exception is "to preclude a judgment in a court of limited jurisdiction from controlling the results in a suit in a district court." *McClendon*, 796 S.W.2d at 232. "In the situation where a litigant brings a lawsuit in a district court subsequent to filing suit in a court of limited jurisdiction, section 31.004 . . . modifies the common law so that 'res judicata bars only those claims that were actually litigated in the limited-jurisdiction court.'" *Kizer*, 228 S.W.3d at 391 (quoting *Wren v. Gusnowski*, 919 S.W.2d 847, 848–49 (Tex. App.—Austin 1996, no writ)). "In other words, under section 31.004, res judicata does not bar

unlitigated claims simply because they could have been litigated in the lower trial court." *Id.*

Here, we do not have a party challenging the preclusive effect of a "lower trial court" judgment on a pending district court case. We have the opposite. The judgment was entered in the district court, and Mathai is challenging its preclusive effect on the county court that subsequently dismissed his claims. The three cases on which Mathai relies do not apply to this context. We, therefore, overrule Mathai's first issue.

## B. Argument for waiver of res judicata defense

In his second issue, Mathai argues that the trial court erred by granting summary judgment because Maxi waived the right to assert the affirmative defenses of claim and issue preclusion under the terms of the lease agreement. Mathai refers to section 23.14 of the lease, which states as follows:

> In the event Landlord commences any proceedings against Tenant for non-payment of Rental (or Percentage Rental) or any other sum due and payable by Tenant hereunder, Tenant will not interpose any counterclaim or other claim against Landlord of whatever nature or description in any such proceedings; and *in the event Tenant interposes any such counterclaim* or other claim against Landlord in such proceedings, Landlord and Tenant stipulate and agree that, in addition to any other lawful remedy of Landlord, *upon motion of Landlord, such counterclaim or other claims asserted by Tenant shall be severed* out of the proceedings instituted by Landlord and Landlord may proceed to final judgment separately and apart from and without consolidation with or reference to the status of such counterclaim or any other claims asserted by Tenant.

Mathai argues that Maxi contractually waived its right to assert the affirmative defenses of claim and issue preclusion, given that Mathai was contractually prohibited from bringing counterclaims against Maxi in the district court action. We reject this argument, which is contrary to Mathai's actions in the district court.

Regardless of the language in the lease, Mathai did assert a counterclaim in district court. The pleading filed by Mathai was titled "answer and counterclaim." In it, Mathai pleaded, "Plaintiff's actions are also tantamount to conversion [for] which Defendant has sustained actual and consequential damages within the jurisdictional limits of this Court." In his prayer, Mathai requested "actual and consequential damages" as well as exemplary damages. Thus, to the extent Mathai believed he was prohibited from asserting necessary counterclaims, he acted contrary to that belief.

By asserting a counterclaim, Mathai was required to bring forth all available counterclaims under res judicata law. *See Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206–07 (Tex. 1999) (op. on reh'g). "Res judicata . . . does not bar a former defendant who asserted no affirmative claim for relief in an earlier action from stating a claim in a later action that could have been filed as a . . . counterclaim in the earlier action, unless the claim was compulsory in the earlier action." *Id.* at 207. However, a defendant who does interpose a

counterclaim and has a valid and final judgment rendered against him on the counterclaim is required to assert all claims against the plaintiff arising from the subject matter of the original claim. *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992); *Gamma Grp., Inc. v. Home State Cnty. Mut. Ins. Co.*, 342 S.W.3d 762, 767–68 (Tex. App.—Dallas 2011, pet. denied); *Musgrave v. Owen*, 67 S.W.3d 513, 519 (Tex. App.—Texarkana 2002, no pet.); *see* RESTATEMENT (SECOND) OF JUDGMENTS § 23 (1982) ("Where a defendant interposes a claim as a counterclaim and a valid and final judgment is rendered against him on the counterclaim, the rules of bar are applicable to the judgment.").

By asserting a counterclaim in the district-court action, Mathai's other available counterclaims became subject to res judicata and had to be raised in the same action or face a bar in other courts once judgment was entered against him. He did not add to his district-court pleading any of his additional counterclaims; therefore, the district-court judgment against him on his conversion counterclaim bars further litigation on his remaining related claims. We overrule Mathai's second issue.

We have overruled both of Mathai's issues challenging Maxi's ability to assert the affirmative defenses of claim and issue preclusion. Mathai's two remaining appellate issues concern the merits of his breach-of-contract claim. Because summary judgment on preclusion grounds is not subject to reversal under

10

either theory asserted by Mathai in this appeal, we affirm the trial court's order and do not reach Mathai's appellate issues concerning the merits of his denied claims.

## Conclusion

The judgment of the trial court is affirmed.


Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.