

# NUMBER 13-20-00467-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PHILLIP RODRIGUEZ,                                        Appellant,

v.

H.E. BUTT GROCERY COMPANY, L.P., JOINTLY
AND SEVERALLY; WILLIAM TATE, JOINTLY AND
SEVERALLY AND AS EMPLOYEE OF H.E. BUTT
GROCERY COMPANY; STEPHEN MARTINEZ,
JOINTLY AND SEVERALLY AND AS EMPLOYEE
OF H.E. BUTT GROCERY COMPANY; MEREDITH REID,
AS EMPLOYEE OF H.E. BUTT GROCERY COMPANY,
JOINTLY AND SEVERALLY; DEBRA ANN GODOY,
AS EMPLOYEE OF H.E. BUTT GROCERY
COMPANY, JOINTLY AND SEVERALLY,          Appellees.

## On appeal from the 285th District Court
of Bexar County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Phillip Rodriguez, pro se, appeals a summary judgment rendered against him in favor of appellees[1] in a bill of review proceeding.[2] We affirm.

## I. BACKGROUND

On December 19, 2018, David Rodriguez, Phillip's father, individually and as next friend of Phillip, sued appellees for "common law . . . spousal and child loss of consortium" for an alleged "personal injury" suffered by David's wife, Esmeralda, while employed by appellee H.E. Butt Grocery Company, L.P. (HEB). Though the filings do not indicate the nature of Esmeralda's alleged injury, the record reflects that it was purely emotional and arose out of claims for purported harassment and a hostile work environment.

On March 6, 2019, the parties reached an initial settlement agreement, which David signed in his individual capacity and as next friend of Phillip. On March 21, 2019, David filed a motion for non-suit on behalf of Phillip. Subsequently, on April 11, 2019, David and appellees filed an "Agreed Motion to Appoint Ad Litem Attorney" to ensure that the settlement was in Phillip's best interest, and Richard Storm was appointed attorney ad litem that same day. On May 9, 2019, David and Phillip filed "Plaintiffs' Third Amended Original Petition" in which both David and Phillip assert claims and are listed as plaintiffs.

On May 14, 2019, the parties appeared before the trial court to prove up their

---

[1] Appellees, in this case, are H.E. Butt Grocery Company, L.P.; William Tate; Stephen Martinez; Meredith Reid; and Debra Ann Godoy.

[2] This appeal was transferred from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order rendered by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

settlement agreement. Storm "absolutely supported" the settlement because HEB was "willing to pay some money" to Phillip even though Storm deemed that "[o]n balance, the cause of action is really not supported by Texas law." On May 22, 2019, Storm and David, acting individually and as next friend of Phillip, signed a release and indemnity agreement, agreeing to release appellees "from [a]ll [c]laims that have accrued or may ever accrue." That same day, the trial court signed a judgment consistent with the parties' settlement agreement.

Over one year later, in July 2020, Phillip filed a pro se[3] petition for bill of review seeking to "vacate [the May 22, 2019 judgment] on the basis it was void and obtained by fraud and fraud on the court." Specifically, Phillip argued that he "filed a nonsuit prior to Appellees and the next friend settling" and thus, he "was not a party to the settlement or the [] release" and the trial court lacked jurisdiction over him. Moreover, according to Phillip, the appellees "by fraudulent means requested the court appoint a[n] attorney ad [l]item to sign the judgment [o]n behalf of [Phillip] though [Phillip] was no longer a party to the suit." Appellees generally denied Phillip's claims and asserted affirmative defenses.

On September 3, 2020, appellees filed a motion for summary judgment[4] on Phillip's bill of review, arguing that Phillip "cannot plead and prove any of the essential elements required for a bill of review." Specifically, appellees argued that (1) Phillip's loss of consortium claim based on a purely emotional injury is not a meritorious claim, as it is

---

[3] Phillip turned eighteen years old on February 15, 2020.

[4] The motion did not specify whether it was brought on traditional or no-evidence grounds. *Compare* TEX. R. CIV. P. 166a(c) *with id.* R. 166a(i). Because evidence was attached to the motion and Texas Rule of Civil Procedure 166a(i) is not cited therein, we construe it as asserting traditional grounds for summary judgment. *See Phillips v. Am. Elastomer Prods., L.L.C.*, 316 S.W.3d 181, 185 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

3

not recognized in Texas; (2) there was no evidence of fraud preventing Phillip from litigating his claim in the former lawsuit; and (3) Phillip failed to exercise due diligence in pursuing adequate legal remedies. Phillip responded, arguing that appellees "offer[ed] no evidence that Petitioner could be a party to the settlement between [appellees] and David Rodriguez . . . [because] Petitioner filed his nonsuit March 21, 2019[,] and as of that date was no longer a party." On October 1, 2020, the trial court granted appellees' motion for summary judgment and dismissed the petition for bill of review. This appeal followed.

## II.    BILL OF REVIEW

### A.    Standard of Review

While abuse of discretion is the proper review standard for the ruling on a bill of review, *see Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied), this case was appealed from a summary judgment. Thus, the appropriate standard in this case is that for the review of a summary judgment. *See Bowers v. Bowers*, 510 S.W.3d 571, 576 (Tex. App.—El Paso 2016, no pet.); *see also Tummel v. MMG Bank Corp.*, No. 13-19-00097-CV, 2020 WL 2213966, at *2–3 (Tex. App.—Corpus Christi–Edinburg May 7, 2020, no pet.) (mem. op.). We perform a de novo review of an order granting summary judgment. *Henkel v. Norman*, 441 S.W.3d 249, 250 (Tex. 2014) (per curiam); *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

The movant for a traditional summary judgment must establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d

4

746, 748 (Tex. 1999). In conducting our review, we view the evidence in the light most favorable to the nonmovant and make all reasonable inferences and resolve all doubts in the nonmovant's favor. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). A defendant who moves for traditional summary judgment must either disprove at least one element of each of the plaintiff's causes of action or plead and conclusively establish each essential element of any affirmative defense, thereby rebutting plaintiff's causes of action. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

If the movant can show it is entitled to judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a fact issue to defeat the motion for summary judgment. *Haight v. Savoy Apartments*, 814 S.W.2d 849, 851 (Tex. App.—Houston [1st Dist.] 1991, writ denied). If a trial court's order granting summary judgment does not specify the grounds for the ruling, the appellant bears the burden of negating all possible grounds for the trial court's ruling. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

## B. Applicable Law

"A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)). "Courts narrowly construe the grounds on which a plaintiff may obtain a bill of review due to Texas's fundamental public policy favoring the finality of judgments." *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012); *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950). To obtain a

5

bill of review, "a petitioner must generally plead and prove: (1) a meritorious claim or defense to the judgment; (2) which the petitioner was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act; (3) unmixed with any fault or negligence on the petitioner's own part." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015); *see also King Ranch, Inc.*, 118 S.W.3d at 752; *Alexander*, 226 S.W.2d at 998.

A bill of review petitioner "must allege with particularity sworn facts sufficient to constitute a defense or claim." *Martin v. Martin*, 840 S.W.2d 586, 591 (Tex. App.—Tyler 1992, no pet.). The petitioner then, as a pre-trial matter, must present prima facie proof to support a meritorious claim or defense. *See Beck v. Beck*, 771 S.W.2d 141, 142 (Tex. 1989); *Petro-Chem. Transport v. Carroll*, 514 S.W.2d 240, 244–46 (Tex. 1974). A prima facie claim or defense is presented if it is determined by the trial court that the petitioner's claim or defense "is not barred as a matter of law[,] and that he will be entitled to judgment on retrial if no evidence to the contrary is offered." *Baker*, 582 S.W.2d at 409.

> Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file along with such other evidence that the trial court may receive in its discretion. The bill of review defendant may respond with like proof showing that the defense is barred as a matter of law, but factual questions arising out of factual disputes are resolved in favor of the complainant for the purposes of this pretrial, legal determination. If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case.

*Id.*

"If a meritorious claim or defense at the pre-trial hearing is shown, only then should the trial court proceed to the adjudication of the remaining two issues." *Martin*, 840 S.W.2d at 591. "To establish the remaining two requisites for the granting of a bill of review, the

6

petitioner must do more than offer prima facie proof of their existence." *Id.* at 592. The petitioner must assume the burden of proving to the fact finder by a preponderance of the evidence that the judgment was rendered "as a result of the fraud, accident, or wrongdoing of the opposite party or official mistake unmixed with his own negligence." *Baker*, 582 S.W.2d at 409.

### III.  ANALYSIS

Phillip raises three issues on appeal challenging the trial court's summary judgment dismissing his petition for bill of review. We address the issues together.

At the outset, we note that the parties evidently disagree as to what the relevant "meritorious claim or defense" for purposes of a bill of review is in this case. We address both claims.

### A.  Parental Loss of Consortium

Appellees argue that the relevant meritorious claim or defense in this case is Phillip and David's loss of consortium claim in the underlying lawsuit from which Phillip's bill of review arose.

Simply put, Texas does not recognize claims for parental loss of consortium based on purely emotional harm. *Reagan v. Vaughn*, 804 S.W.2d 463, 467 (Tex. 1990) ("[T]o successfully maintain a claim for loss of parental consortium resulting from injury to the parent-child relationship, the plaintiff must show that the defendant physically injured the child's parent in a manner that would subject the defendant to liability."); *see Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 294 (Tex. 1994) ("There is no reason to have one rule for parental relationships and another rule for spousal relationships. We are

7

bound by *Reagan* [*v. Vaughn*] to hold that damages for loss of spousal consortium are not recoverable absent proof of physical injury.").

In response to appellees' motion for summary judgment, Phillip failed to present any evidence that his mother's injury was anything other than emotional. Indeed, Phillip did not even address the underlying loss of consortium claim in his response to appellees' motion for summary judgment or in his brief on appeal. Accordingly, assuming that the relevant claim for purposes of a bill of review in this case is parental loss of consortium, appellees have disproved a required element of Phillip's claim, and Phillip failed to meet his burden to raise a fact issue. The trial court, thus, did not err in granting summary judgment.

## B.     Jurisdiction

Phillip, by contrast, argues that the relevant meritorious claim or defense in this case is that the trial court lacked jurisdiction to render judgment against him, as he was fraudulently included in the parties' settlement agreement after filing his motion for non-suit. Phillip's argument appears to address both the meritorious claim or defense and fraud or mistake elements of a bill of review.

"At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit . . . ." TEX. R. CIV. P. 162. "[P]laintiff's right to a nonsuit exists from the moment a written motion is filed . . . ." *In re Greater Hous. Ortho. Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009). However, "the date on which the trial court signs an order dismissing the suit is the 'starting point for determining when a trial court's plenary power expires.'" *Univ. of Tex. Med. Branch at*

*Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam) (quoting *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (per curiam)); *see* TEX. R. CIV. P. 329b. As long as the trial court has plenary power over the case, procedural devices are available to reverse a prior decision to nonsuit and resurrect the original claim. *See* TEX. R. CIV. P. 320; *see also Braglia v. Middleton*, No. 13-10-00101-CV, 2012 WL 664947, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 1, 2012, no pet.) (mem. op.). For example, plaintiffs may reassert their claims "by filing a motion for new trial, by filing a motion to reinstate or withdraw the nonsuit, or by agreement of the parties." *Braglia*, 2012 WL 66497, at *2; *see* TEX. R. CIV. P. 320 (permitting the granting of a new trial); *Harris Cnty. Appraisal Dist. v. Wittig*, 881 S.W.2d 193, 194 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (using a motion to reinstate to withdraw a non-suit); *Golodetz Trading Corp. v. Curland*, 886 S.W.2d 503, 504 (Tex. App.—Houston [1st Dist.] 1994, no writ) (permitting plaintiffs' use of a motion to withdraw their non-suit); *McClendon v. State Farm Mut. Auto. Ins.*, 796 S.W.2d 229, 233 (Tex. App.—El Paso 1990, writ denied) (withdrawal of non-suit and reinstatement of claim by agreement of the parties).

The record indicates that David filed a motion for non-suit on behalf of Phillip on March 21, 2019, but that the trial court did not rule on the motion—thereby maintaining plenary power. On April 11, 2019, David, on behalf of Phillip, and appellees filed an agreed motion to appoint Storm as attorney ad litem to ensure that the upcoming settlement was in Phillip's best interest. On May 9, 2019, David and Phillip filed their third amended petition asserting claims for both David and Phillip. And on May 14, 2019, the appellees, Storm, and David appeared before the trial court to prove up their settlement

9

agreement. At the hearing, David noted that he represented himself and his son as next friend. Storm "absolutely supported" the settlement. David and Phillip received $6,500 and $1,000 checks, respectively. David acknowledged that the settlement money "is all the money that HEB will pay [David and Phillip] as a result of the allegations in this lawsuit," and that the settlement was in the best interest of Phillip. And David signed the settlement agreement individually and as next friend of Phillip. Thus, not only did the May 9, 2019 amended petition revive David and Phillip's claim, it is also evident that the parties agreed the suit would progress and, ultimately, settle with Phillip as a party. *See McClendon*, 796 S.W.2d at 233; *see also Braglia*, 2012 WL 664947, at *2.

The only summary judgment evidence that Phillip presented in an attempt to create a fact dispute was a copy of his motion for non-suit and an affidavit by David stating that (1) only David was a party to the settlement, as Phillip was no longer a party as of the filing of his May 22, 2019 motion for non-suit, and (2) David was awarded the full $7,500 settlement check from which, as a condition of the settlement, he deducted $1,000 for Phillip. However, David's affidavit conflicts with nearly all his actions and statements in the underlying lawsuit—most notably, David's signing the settlement agreement on behalf of himself and Phillip. *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 87 (Tex. 2018) ("[A] trial court may conclude that a party does not raise a genuine fact issue [for purposes of summary judgment] by submitting sworn testimony that materially conflicts with the same witness's prior sworn testimony, unless there is a sufficient explanation for the conflict."). Thus, even if David's affidavit raised an issue of material fact, the trial court had discretion to properly disregard David's conflicting testimony. *Id.* On this purported meritorious claim

10

or defense as well, appellees have disproved a required element of Phillip's claim and Phillip failed to meet his burden to raise a fact issue. Accordingly, summary judgment was proper.

We need not address the remaining elements of a successful bill of review, as appellees have disproved the first, and Phillip has failed to create issues of fact. *See Martin*, 840 S.W.2d at 591; *Cathey*, 900 S.W.2d at 341. However, given the procedural history in this case, and in the interest of clarity, we note that even if Phillip raised a meritorious claim or defense, he presented no summary judgment evidence demonstrating a fact dispute as to proof of fraud, accident, or wrongdoing of appellees or official mistake. *See Baker*, 582 S.W.2d at 409; *Haight*, 814 S.W.2d at 851.

"Fraud in relation to attacks on final judgments is either extrinsic or intrinsic. Only extrinsic fraud will support a bill of review." *King Ranch, Inc.*, 118 S.W.3d at 752 (citing *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989)). "Extrinsic fraud is fraud that denied a party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted." *Id.* Extrinsic fraud is "wrongful conduct practiced outside of the adversary trial—such as keeping a party away from court, making false promises of compromise, denying a party knowledge of the suit—that affects the manner in which the judgment is procured." *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.).

Phillip failed to raise a fact issue as to extrinsic fraud. Again, the only summary judgment evidence that Phillip presented was a copy of his motion for non-suit and David's affidavit. As noted, David's affidavit conflicts with nearly all his actions and

11

statements in the underlying lawsuit, including David's signing the settlement agreement on behalf of himself and Phillip. Moreover, notwithstanding the fact that David and Phillip's loss of consortium claim is not recognized in Texas, appellees nonetheless paid David and Phillip $6,500 and $1,000, respectively. Phillip has failed to raise a dispute of fact that the judgment in the underlying lawsuit "was rendered as a result of the fraud, accident, or wrongful act of the opposite party or official mistake unmixed with any negligence of his own." *Baker*, 582 S.W.2d at 409. He has, thus, failed to meet his burden to defeat summary judgment. *See Haight*, 814 S.W.2d at 851; *Star-Telegram*, 915 S.W.2d at 473; *Baker*, 582 S.W.2d at 409. Phillip's issues on appeal are overruled.

## IV. CONCLUSION

We affirm the trial court's summary judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
7th day of October, 2021.