# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00652-CV

**Robert D. Kizer, Appellant**

**v.**

**Meyer, Lytton, Alen & Whitaker, Inc. d/b/a MLAW Consultants and Engineers, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. GN401813, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

### O P I N I O N

This case concerns whether an individual who had previously sued a structural engineering firm in county court at law for failure to install a "capping slab" on the foundation of his home may, after allegedly discovering additional damages to the home, file another lawsuit against the same structural engineering firm in the district court concerning the overall design of the home's foundation.

In 2001, Robert D. Kizer discovered extensive cracks in the tile flooring of his house. He sued Meyer, Lytton, Alen & Whitaker, Inc. ("MLAW"), the structural engineering firm that had designed the foundation of his home, in the county court at law on various theories related to MLAW's failure to install a "capping slab" on top of the foundation. A jury returned a take-nothing verdict, and the county court at law entered judgment on the verdict. Kizer appealed that judgment and challenged the legal and factual sufficiency of the evidence supporting the judgment, and this

Court affirmed. *Kizer v. Meyer, Lytton, Alen & Whitaker, Inc.* No. 03-04-00657-CV, 2005 Tex. App. LEXIS 6967, at *2 (Tex. App.—Austin Aug. 25, 2005, no pet.).

In 2004, after allegedly discovering additional cracks in the exterior rock, Sheetrock, crown molding, and wall tile of his house, Kizer sued MLAW in district court for negligence and breach of contract relating to MLAW's overall design of the home's foundation. MLAW sought summary judgment alleging that Kizer's claims were barred by limitations and res judicata and that there was no evidence that MLAW breached the applicable standard of care. The district court rendered a take-nothing summary judgment in favor of MLAW.

On appeal to this Court, Kizer asserts that the district court erred in granting summary judgment because: (1) there is a genuine issue of material fact as to whether Kizer could have discovered MLAW's engineering failures before March 2004; (2) pursuant to section 31.004 of the civil practice and remedies code, res judicata does not bar a claim in the district court that was not actually litigated in the county court at law; (3) there was some evidence that MLAW breached the applicable standard of care; and (4) MLAW only requested summary judgment on the negligence cause of action and did not seek summary judgment on the breach of contract cause of action. We affirm in part and reverse and remand in part.

In June 1998, Kizer retained MLAW, a structural engineering firm, to design the foundation of his new home in Manor, Texas. Considering the composition of the soil in the area and its tendency to shift, MLAW recommended that Kizer install a pier and beam foundation using individual concrete slabs designed to allow for slight movement. MLAW constructed the recommended foundation. Kizer then entered into a separate contract with another company for the

2

installation of tile flooring throughout the house. The installation did not call for the use of an intervening layer or "capping slab" to insulate the tiles from the motion of the individual concrete slabs of the foundation.

In December 2001, Kizer observed that the tile flooring had developed a pattern of cracks at four-foot intervals located along the joints of the underlying slabs. After consulting an outside engineer, Kizer concluded that the cracks were the result of MLAW's failure to design a capping slab for the foundation. He filed suit against MLAW in the county court at law in April 2003 for negligence, breach of warranty, and DTPA violations related to MLAW's failure to install a capping slab on the foundation. At trial, Kizer testified that MLAW failed to advise him that a capping slab would need to be installed before laying tile over the foundation and that MLAW misrepresented that it had successfully used the same type of foundation on a house belonging to Kizer's neighbor. MLAW countered that it had advised Kizer to install a capping slab before laying tile or any floor finish besides carpet but that Kizer had declined the suggestion and that it never claimed to have installed the foundation of Kizer's neighbor's house. The jury found for MLAW and returned a take-nothing verdict. The trial court rendered judgment on the verdict, and this Court affirmed the trial court's judgment. *Id.* at *2.

Kizer claims that, in March 2004, he discovered large cracks in the exterior rock, sheet rock, and crown molding of his house. He hired an engineer, who informed him that the design defects of the foundation went beyond the lack of a capping slab and were at variance with industry standards. Although trial had not begun in the county court at law lawsuit, Kizer notified MLAW's counsel that the structural failure of the foundation would be made the subject of a separate lawsuit.

3

Accordingly, on June 8, 2004, approximately one week before his lawsuit against MLAW in the county court at law went to trial, Kizer sued MLAW for negligence in district court. Kizer's original petition in the district court lawsuit alleged that "the piers had failed and the foundation was moving." In response, MLAW filed a traditional and no evidence motion for summary judgment, asserting that Kizer's claims were barred by limitations and res judicata and that there was no evidence that MLAW breached a standard of care resulting in damages to Kizer. On July 1, 2005, Kizer amended his original petition, adding breach of contract as a second cause of action. On August 10, 2005, the district court held a hearing on MLAW's traditional and no evidence motions for summary judgment, granted both motions, and entered a take-nothing judgment against Kizer.

We review the summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). To prevail on a motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 217 (Tex. 2003) (citing Tex. R. Civ. P. 166a(c)). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Joe*, 145 S.W.3d at 157 (citing *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)). Because the district court's order granting summary judgment does not specify the basis for the ruling, we will affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Knott*, 128 S.W.3d at 217.

In its traditional summary judgment motion, MLAW raised the affirmative defense of limitations, asserting that all of Kizer's claims are barred. There is no disagreement on appeal that a two-year statute of limitations bars claims for negligence and a four-year statute of limitations bars claims for breach of contract. Tex. Civ. Prac. & Rem. Code Ann. §§ 16.003(a) (West Supp. 2006), 16.004(a) (West 2002). The parties dispute, however, when the periods of limitation began to run on Kizer's claims relating to the foundation's structural defects. MLAW asserts that limitations began running in 1998 when Kizer accepted professional advice from MLAW regarding the design and construction of his home's foundation. Kizer, on the other hand, contends that the statute of limitations did not begin to run until March 2004, when he discovered cracks in the exterior rock, sheet rock, and crown molding of his home. He contends that, until these defects became noticeable, he could not have discovered any problem with MLAW's design of the foundation itself.

For the purposes of limitations, a cause of action generally accrues when the wrongful act effects an injury, regardless of when the plaintiff learned of such injury. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). The discovery rule, on which Kizer relies, is a narrow exception to this rule: it operates to toll the running of the period of limitations until the time a plaintiff discovers, or through the exercise of reasonable diligence should have discovered, the nature of his injury. *Reynolds v. Guido*, 166 S.W.3d 789, 793 (Tex. App.—Dallas 2005, pet. denied) (citing *Moreno*, 787 S.W.2d at 351). The Texas Supreme Court has stated:

> [T]he discovery rule does not linger until a claimant learns of actual causes and possible cures. Instead, it tolls limitations only until a claimant learns of a wrongful injury. Thereafter, the limitations clock is running, even if the claimant does not yet know: the specific cause of the injury; the party responsible for it; the full extent of it; or the chances of avoiding it.

5

*PPG Indus. v. JMB/Houston Ctrs. Ltd. P'ship*, 146 S.W.3d 79, 93-94 (Tex. 2004) (citations omitted).

MLAW contends that the discovery rule does not apply to Kizer's claims in the district court because it was not properly pleaded. A party seeking to avail itself of the discovery rule must plead the rule or otherwise raise it in response to a defendant's assertion of limitations as a matter in avoidance. *Gibson v. Ellis*, 58 S.W.3d 818, 823 (Tex. App.—Dallas 2001, no pet.). In this case, the record shows that Kizer did not specifically plead the application of the discovery rule in his original or amended petition, other than stating that he "discovered that [MLAW] had failed to design and inspect the construction of the foundation in a good and workmanlike manner" when "cracks began to show in the sheetrock, crownmolding, and wall tile." However, after MLAW raised the affirmative defense of limitations in its motion for summary judgment, Kizer filed a response to MLAW's summary judgment motion asserting that the discovery rule applied to toll the running of the period of limitations. Because Kizer discussed the application of the discovery rule in his response to MLAW's motion for summary judgment, we conclude that Kizer raised the discovery rule as an issue in this case and it is before the Court. *See Krohn v. Marcus Cable Assocs., L.P.*, 201 S.W.3d 876, 880 (Tex. App.—Waco 2006, pet. denied) ("If a plaintiff asserts the discovery rule in response to a summary judgment motion raising the statute of limitations, even though the discovery rule has not been pleaded in the plaintiff's petition, the parties will be deemed to have tried the issue by consent unless the defendant objects to the plaintiff's assertion of the discovery rule.").[1]

---

[1] MLAW replied to Kizer's assertion of the application of the discovery rule arguing that the trial court should not apply the discovery rule to a claim for engineering malpractice. MLAW did not object to Kizer's asserting the application of the discovery rule on the basis that it had not been properly raised in the pleadings.

MLAW also contends that the discovery rule does not apply to Kizer's claims in the district court lawsuit because, according to MLAW, limitations began to run when Kizer relied on MLAW's professional advice. *See Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997) (stating that "[a] person suffers legal injury from faulty professional advice when the advice is taken"). While we agree generally that a legal injury may occur when professional advice is taken, this Court has held that "an action for negligence in the performance of engineering services qualifies for application of the discovery rule" because "it is inherently difficult for the injured party to learn of the negligent act or omission." *Thomson v. Espey Huston & Assocs.*, 899 S.W.2d 415, 423 (Tex. App.—Austin 1995, no writ). In *Thomson,* a real estate developer sued the engineering firm who designed the drainage systems for an apartment complex after "it became apparent that the complex was riddled with design and construction defects." *Id.* at 417. This Court upheld the application of the discovery rule to toll the running of limitations, reasoning that ordinary laypersons could not detect any problems with the engineering firm's services until "flooding occurred and the damage to the buildings became manifest." *Id.* at 423.

Similarly, in this case, the discovery rule tolled the running of limitations for Kizer's negligence and breach of contract claims until Kizer discovered, or through the exercise of reasonable diligence should have discovered, problems with the design of his home's foundation. MLAW contends that if the discovery rule applies, limitations began running in December 2001, when Kizer first discovered cracks in his floor tile, an injury he attributed to the lack of a capping slab on top of his foundation. Kizer responds that while he may have discovered an injury in 2001

7

relating to MLAW's failure to design a capping slab for his foundation, the structural failure of the foundation itself constituted a distinct injury that was not discoverable until 2004.

The discovery rule imposes a duty on the plaintiff to exercise reasonable diligence to discover facts of negligence or omission. *Bayou Bend Towers Council of Co-Owners v. Manhattan Constr. Co.*, 866 S.W.2d 740, 742 (Tex. App.—Houston [14th Dist.] 1993, writ denied). Knowledge of facts, conditions, or circumstances that would cause a reasonable person to make inquiry leading to the discovery of the concealed cause of action is equivalent to knowledge of the cause of action for limitation purposes. *Id.* at 747.

In *Bayou Bend*, the Fourteenth Court affirmed a summary judgment granted on facts similar to those in this case. In that case, co-owners of condominiums with leakage problems sued the builder and subcontractors for negligence, breach of warranties, and violation of the DTPA in the construction of the condominiums. *Id.* at 741-42. The summary judgment evidence established that the co-owners of the condominiums were aware of leaks in the garage roof as early as 1982. *Id.* at 743. In 1983, the co-owners discovered leaks in the windows and retained experts to detect the source of the leaks and to repair them. *Id.* at 743-44. When those repairs failed, the co-owners hired more experts and attempted more repairs. *Id.* In 1987, the co-owners decided against hiring an engineer as recommended by a consulting firm. *Id.* at 744. The court held that the co-owners' knowledge of the leaks beginning in 1982, and certainly no later than 1987, negated tolling based on the discovery rule, stating "even if [the group of co-owners] did not actually discover the cause of its leakage problem until January 1990 as it asserts, it should have discovered the nature of its

8

injury years earlier by the use of reasonable diligence." *Id.* The suit, which was filed in 1991 approximately nine years after the first leaks were apparent, was time barred.

In this case, Kizer admits knowledge of problems with the foundation by December 2001. Kizer's original petition in the county court at law proceeding alleged that in December 2001, he "began having problems with moisture which was being trapped under the suspended foundation and with cracking of the tiles that were laid upon the pre-stressed concrete." He also alleged in the county court at law proceeding that MLAW failed to "design a proper foundation system that would not cause cracks in the tile which were not part of the foundation." In 2002, Kizer hired an engineer who issued a report revealing that the floor cracks were the result of movement of a joint or crack beneath the upper material of the tile flooring. Although Kizer may not have known the specific cause of the injury or the full extent of it in December 2001, we conclude that his knowledge of an injury involving the design of the foundation was enough to put him on notice of additional injuries resulting from the design of the foundation, including injuries that Kizer attributes to "structural failure" of the foundation. Accordingly, the period of limitations began to run in December 2001 and not in March 2004, as Kizer argues. Kizer's claims based on negligence or a negligence related cause of action against MLAW for the overall design of the foundation in this lawsuit are barred by limitations.

Although limitations bars Kizer's claim against MLAW for negligence, it does not bar Kizer's breach of contract claim, which has a four-year statute of limitations. Accordingly, we now examine whether any other grounds asserted in MLAW's motions for summary judgment support judgment as a matter of law on the breach of contract claim.

9

MLAW asserts that Kizer's breach of contract claim is barred by res judicata because he litigated the same claim in the county court at law lawsuit. Kizer, on the other hand, asserts that under section 31.004 of the civil practice and remedies code, which narrows the preclusive effect of common law res judicata, his breach of contract claim is not barred.[2] He points to the fact that his claims in the county court at law involved MLAW's specific failure to design a capping slab, while his claims in the district court involved MLAW's generally negligent design of the entire foundation that Kizer refers to as structural defects.

Under common law, the doctrine of res judicata (or claim preclusion) "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Wren v. Gusnowski*, 919 S.W.2d 847, 848 (Tex. App.—Austin 1996, no writ) (quoting *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992)). The doctrine effectively requires that all theories of liability be brought in one suit. *Id.* The policies behind the doctrine reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy,

---

[2] Section 31.004 of the Texas Civil Practice and Remedies Code, entitled Effect of Adjudication in Lower Trial Court, provides:

> (a) A judgment or a determination of fact or law in a proceeding in a lower trial court is not res judicata and is not a basis for estoppel by judgment in a proceeding in a district court, except that a judgment rendered in a lower trial court is binding on the parties thereto as to recovery or denial of recovery.
> . . .
>
> (c) For purposes of this section, a "lower trial court" is a small claims court, a justice of the peace court, a county court, or a statutory county court.

Tex. Civ. Prac. & Rem. Code Ann. § 31.004 (West 1997).

10

and prevent double recovery. *Id.* In the situation where a litigant brings a lawsuit in a district court subsequent to filing suit in a court of limited jurisdiction, section 31.004 of the civil practice and remedies code modifies the common law so that "res judicata bars only those claims that were actually litigated in the limited-jurisdiction court." *Id.* at 848-49; *see also Webb v. Persyn,* 866 S.W.2d 106, 107 (Tex. App.—San Antonio 1993, no writ); *McClendon v. State Farm Mut. Auto. Ins. Co.*, 796 S.W.2d 229, 232 (Tex. App.—El Paso 1990, writ denied). In other words, under section 31.004, res judicata does not bar unlitigated claims simply because they could have been litigated in the lower trial court. *See Wren*, 919 S.W.2d at 848-49.

The question presented to this Court is whether Kizer litigated his breach of contract claim in the county court at law lawsuit. We begin this analysis by comparing the pleadings filed in each court. *Brown v. Henderson*, 941 S.W.2d 190, 192 (Tex. App.—Corpus Christi 1996, no writ). If the pleadings in the district court allege claims not encompassed in the pleadings in the county court at law, then those new claims are not barred by res judicata and may be litigated in the district court. *Id.* In the county court at law lawsuit, Kizer alleged that MLAW breached an express warranty "that it would design the foundation in accordance with standards that reflect the quality of work performed by one who has the knowledge, training or experience necessary for the successful practice of the trade." He also alleged that MLAW breached this warranty by failing to "design[] a proper foundation system that would not cause cracks in the tile and rock fascia installed on [Kizer's] property." In the district court lawsuit, Kizer alleged that MLAW breached its contract "to design a foundation for [his] home" and that MLAW breached its agreement with Kizer by failing "to design and inspect the construction of the foundation in a good and workmanlike

11

manner." He complained that "[c]racks began to show stress in the exterior rock and cracks began to show in the sheetrock, crownmolding, and wall tile."

Although the breach of warranty claims in the county court at law and the breach of contract claims in the district court essentially complain about the same conduct—MLAW's failure to properly design the foundation—and likely seek, in large part, the same damages,[3] the claims are distinct and require proof of different elements. As the court in *Webb v. Persyn* pointed out, "[i]f a litigant chooses to litigate one or more issues in county court, the judgment will bar further litigation of the claim actually tried. But, the judgment will not preclude . . . any other claims that could have been joined or tried but were not." 866 S.W.2d at 107 (citation omitted). Kizer elected not to litigate his breach of contract claim in the county court at law and did not impliedly do so by litigating a breach of express warranty claim, a deceptive trade practices act claim, or a negligence claim. He neither "recovered" nor was "denied recovery" on a claim for breach of contract in the county court at law because he did not try any issue relating to a claim for breach of contract. Therefore, pursuant to the mandate of section 31.004, Kizer is not barred by res judicata, claim preclusion, or collateral estoppel from litigating a breach of contract claim in a subsequent district court lawsuit based on the same conduct that was the subject of the suit in statutory county court.[4]

---

[3] We note that had Kizer recovered on his breach of warranty claims in the county court at law it is possible that some or all of his potential recovery on a breach of contract claim in a later district court lawsuit might well be barred due to the application of the one-satisfaction rule which prohibits more than one recovery for a given harm. *See Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000). However, this would not be a function of res judicata or claim preclusion based on the idea that the claim was or could have been previously litigated.

[4] MLAW complains that this will, in essence, give Kizer "two bites at the apple" on his claim of engineering malpractice. He will be allowed to file and try a breach of warranty or professional negligence claim in the statutory county court and, if he loses, he may then file a new

12

We hold that Kizer's claims for negligence are barred by limitations. We also hold that Kizer is barred from pursuing in this case any claim actually litigated in the prior county court at law lawsuit. This does not include, however, his claim for breach of contract because that claim was not litigated in the county court at law. Our holding that the trial court erred in granting summary judgment in favor of MLAW on Kizer's claim for breach of contract makes it unnecessary to address Kizer's final point regarding whether MLAW properly requested summary judgment on the breach of contract claim. Therefore, we affirm the trial court's judgment with respect to Kizer's negligence claims and reverse and remand the trial court's judgment with respect to Kizer's breach of contract claim for further proceedings.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Affirmed in part; Reversed and Remanded in part

Filed: May 25, 2007

_____

lawsuit for breach of contract in the district court and pursue the same damages based on the same conduct, thereby getting a second attempt at what is basically the same lawsuit. Such a result is not allowed under the common law and is, we believe, difficult to defend as sound policy. However, it is the result mandated by section 31.004. When a court's limited jurisdiction actually limits the claims a plaintiff may pursue, a modification of the res judicata rules may be appropriate in order to give a plaintiff at least one opportunity to litigate his full range of claims. However, the modification of res judicata rules becomes problematic if the rules allow, as section 31.004 currently does, a claimant to re-litigate claims tried and lost in the lower court—under the guise of a different legal theory—when the claims concern the same conduct and the same damages. This result is particularly problematic when section 31.004 includes all statutory county courts. In many instances, these courts have either largely overlapping or even identical jurisdiction to district courts.

13