# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00125-CV

**William Voges III, Appellant**

**v.**

**Mark Campbell d/b/a Classic Street, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
## NO. D-1-GN-12-003702, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

William Voges III sued Mark Campbell d/b/a Classic Street in Travis County district court, asserting both breach-of-contract and deceptive-trade-practices claims arising from an automobile-repair transaction. Campbell, appearing pro se, filed a motion to dismiss on the grounds that (1) Voges's claims are barred by res judicata based on an earlier suit that Voges's grandfather prosecuted against Campbell in small-claims court, (2) Voges lacks standing because he held no interest in the automobile at the relevant times and was not a party to any repair-services agreement, and (3) there is no valid oral or written contract. After a non-evidentiary hearing, the trial court granted Campbell's motion to dismiss based on res judicata, holding that Voges was in privity with his grandfather in relation to the small-claims-court proceeding. We will reverse and remand for further proceedings.

## BACKGROUND

The parties apparently do not dispute that Voges's grandfather, in his own name, sued Campbell in small-claims court, seeking $1,949.95 in damages for automobile repair work that Campbell allegedly failed to complete or completed incorrectly. Campbell attached unauthenticated copies of the small-claims-court petition and judgment to his motion to dismiss, and both documents reflect that Voges was not a named party. Campbell has not asserted otherwise. The judgment Campbell provided indicates that he prevailed in that matter and that Voges's grandfather recovered nothing on his claims.

Shortly after that litigation concluded, Voges sued Campbell in district court to recover more than $13,000 for damages to the same automobile. Voges also sought treble damages under the Texas Deceptive Trade Practices-Consumer Protection Act, exemplary damages, and attorney's fees. *See* Tex. Bus. & Com. Code § 17.50(b)(1); Tex Civ. Prac. & Rem. Code §§ 38.001, 41.003(a)(2). A comparison of the small-claims-court petition and Voges's petition reveals that the two lawsuits are based on the same transaction and a common nucleus of operative facts, but Voges's petition alleges that more extensive damage to the vehicle resulted from Campbell's negligence and fraud, in addition to allegations of faulty or incomplete repair work. Based on the revised damages and additional claims Voges has asserted, his claims exceed the amount-in-controversy jurisdictional limits for the small-claims court. *See* Act of June 15, 2007, 80th Leg., R.S., ch. 383, § 3, 2007 Tex. Gen. Laws 685, 686 (conferring jurisdiction on small-claims courts when amount in controversy does not exceed $10,000, exclusive of costs), *repealed by* Act of July 19, 2011, 82d Leg., 1st C.S., ch. 3, § 5.06(a), 2011 Tex. Gen. Laws 5206, 5225 (effective

May 1, 2013) (current version at Tex. R. Civ. P. 500.3(a) setting amount-in-controversy limit at $10,000 exclusive of interest and court costs, but including attorney's fees). Voges contends that res judicata does not bar any of his claims because (1) he was not a party to the small-claims-court proceeding, (2) there is no evidence that he was in privity with his grandfather for purposes of that litigation, and (3) he could not have litigated all of his claims in the small-claims-court proceeding because his damages exceed that court's jurisdictional limitations.

## DISCUSSION

Res judicata prevents parties and those in privity with them from relitigating a case that a competent tribunal has adjudicated to finality. *Ingersoll–Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206 (Tex. 1999). Res judicata generally bars claims or defenses that, through diligence, could have been litigated in the earlier suit but were not. *Id.* at 206–07; *Getty Oil v. Insurance Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992). "The doctrine is intended to prevent causes of action from being split, thus curbing vexatious litigation and promoting judicial economy." *Ingersoll–Rand Co.*, 997 S.W.2d at 207. Res judicata "requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). A litigant is generally not bound by a judgment in a suit to which he was not a party unless he was in privity with a party to the original suit. *McGee v. McGee*, 936 S.W.2d 360, 364 (Tex. App.—Waco 1996, writ denied).

3

Regardless of party or privity status, however, judgments from small-claims courts are not accorded the same common-law finality as judgments from district courts. Under section 31.004 of the Texas Civil Practice and Remedies Code,

> [a] judgment or a determination of fact or law in a proceeding in a lower trial court [e.g., a small-claims court] is not res judicata and is not a basis for estoppel by judgment in a proceeding in a district court, except that a judgment rendered in a lower trial court is binding on the parties thereto as to recovery or denial of recovery.

Tex. Civ. Prac. & Rem. Code § 31.004(a); *see id.* § 31.004(c).

This Court has held that

> [i]n the situation where a litigant brings a lawsuit in a district court subsequent to filing suit in a court of limited jurisdiction, section 31.004 of the civil practice and remedies code modifies the common law so that "res judicata bars only those claims that were actually litigated in the limited-jurisdiction court."

*Kizer v. Meyer, Lytton, Alen & Whitaker, Inc.*, 228 S.W.3d 384, 391 (Tex. App.—Austin 2007, no pet.) (quoting *Wren v. Gusnowski*, 919 S.W.2d 847, 848 (Tex. App.—Austin 1996, no writ)). The purpose of section 31.004 is to narrow the preclusive effect of judgments from courts of limited jurisdiction by precluding a subsequent suit on claims actually tried in such courts but not "any other claim that could have been joined and tried but were not." *Webb v. Persyn*, 866 S.W.2d 106, 107 (Tex. App.—San Antonio 1993, no writ). Section 31.004 thus abrogates the common-law rules of res judicata for small-claims-court judgments and does not bar subsequent prosecution of unlitigated claims simply because they could have been litigated in the lower court. *See, e.g., id.*; *McClendon v. State Farm Mut. Auto. Ins. Co.*, 796 S.W.2d 229, 232 (Tex. App.—El Paso 1990, writ denied).

4

Therefore, in accordance with section 31.004, if the pleadings in the underlying lawsuit here include claims not actually adjudicated in the small-claims court, then res judicata and collateral estoppel do not bar those pleaded claims even if Voges was in privity with his grandfather with respect to the prior judgment.

If Voges was in privity with his grandfather, the claims actually litigated in small-claims court would not survive even under section 31.004.  Therefore, the threshold issue in this case is whether the trial court erred in dismissing Voges's claims based on a finding of privity.

For purposes of res judicata, the term "privity" refers to parties who (1) exert control over the original action even if they are not parties to it, (2) have interests that were represented by a party to the original action, or (3) are successors in interest who derive their claims through a party to the prior action.  *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 890 (Tex. 1998); *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971); *McNeil Interests, Inc. v. Quisenberry*, 407 S.W.3d 381, 388 (Tex. App.—Houston [14th Dist.] 2013, no pet.).  The existence of privity turns on the particular circumstances of each case, *see Getty Oil*, 845 S.W.2d at 800, but "privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same state of facts,"  *Benson*, 468 S.W.2d at 363; *see McNeil Interests*, 407 S.W.3d at 388-90 (50% ownership interest in business did not give rise to privity relationship for purposes of res judicata and owner acting in representative capacity to hire attorney and serve as corporate representative did not constitute control by owner in individual capacity).

The trial court expressly found that (1) Voges participated in the previous litigation to such a degree that he exercised control in that litigation and (2) his interests were fully represented

5

and litigated on his behalf by his grandfather in the lower-court proceeding. The evidentiary record to support these findings, however, is nonexistent. In fact, no evidence was admitted at the dismissal hearing and no testimony was given. There is no evidence that Voges's grandfather instituted the small-claims court proceeding on Voges's behalf or in a representative capacity. Nor is there evidence that Voges himself exerted any control over the prior litigation or that he is a successor-in-interest to his grandfather. At the dismissal hearing, Campbell stated, but did not testify under oath, that Voges was present at the hearing before the small-claims court and had argued the case on his grandfather's behalf. Even if such participation could constitute sufficient "control" to bind Voges to the outcome of the prior proceeding, there is no competent evidence of that fact. The record is simply devoid of any evidence that would support a finding of privity. Accordingly, there is no evidence to support the trial court's conclusion that Voges's claims are barred by res judicata.

## CONCLUSION

Because the record contains no evidence that Voges was a party to the small-claims-court litigation or in privity with a party to that proceeding, we reverse the trial court's dismissal order and remand the cause to the trial court for further proceedings.[1]

---

[1] We do not hold that privity cannot be established in this case; we hold only that the trial court's finding of privity is not supported by the present record.

6

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Reversed and Remanded

Filed:   October 28, 2014