**Jamie GENENDER, Appellant**

v.

**Larry KIRKWOOD and USA Store Fixtures, L.L.C., Appellees**

**NO. 01-15-00058-CV**

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued July 28, 2016

Rehearing Overruled January 24, 2017

Jan Woodward Fox, Cameron Weir, Jan Woodward Fox Professional Legal Corp., Houston, TX, for Appellant.

Jerrad D. Bloome, Tanya N. Garrison, Weycer, Kaplan, Pulaski & Zuber, P.C., Houston, TX, for Appellees.

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

## OPINION

Sherry Radack, Chief Justice

Jamie Genender appeals the trial court's rendition of summary judgment in favor of Larry Kirkwood and USA Store Fixtures, L.L.C. [hereafter, "Store Fixtures"]. Genender sued appellees for DTPA, fraud, unfair debt collection practices, and trespass—all claims that related to Genender's purchase of certain store fixtures from appellees. The trial court granted summary judgment and rendered a take-nothing judgment in favor of Store Fixtures. We affirm in part and reverse and remand in part.

## BACKGROUND

In May 2011, Genender used her credit card to order some used shelving from Store Fixtures. When the shelving arrived, Genender was not satisfied with its quality or Store Fixtures's response to her concerns, so she filed a dispute with her credit card company, resulting in a charge back to Store Fixtures.

When Genender did not return or pay for the shelving, Store Fixtures filed suit against her in justice court in Harris County. After a bench trial, the justice court signed a take nothing judgment in Genender's favor, and Store Fixtures appealed to the county court at law. In the county court at law, Genender counterclaimed, alleging breach of contract and violations of the Deceptive Trade Practices—Consumer Protection Act [DTPA]. *See Genender v. USA Store Fixtures, LLC*, 451 S.W.3d 916, 921 (Tex.App.–Houston [14th Dist.] 2014, no pet.). Store Fixtures moved to dismiss Genender's counterclaims, asserting that they were not properly before the county court because they had not been raised before in the justice court. *See* former TEX. R. CIV. P. 574a, 50 Tex. B.J. 868 (1987, repealed 2013) (providing that in appeal to county court "no new ground of recovery shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below"). The county court allowed both parties' breach of contract claims to move forward in the appeal from justice court, but, as requested by Genender, severed her DTPA claim into a separate cause number because it could not be heard with the appeal. *Id.*

After trial de novo on the parties' breach of contract claims, the jury in the county court found that Genender failed to comply with the agreement to purchase the shelving, and that Store Fixtures did not fail to comply with the agreement. *See Genender*, 451 S.W.3d at 919–20. Accordingly, the county court rendered judgment in favor of Store Fixtures for $2,303.42, plus attorney's fees.[1] *Id.* at 920.

---

1. The Fourteenth Court of Appeals modified and affirmed the county court's judgment, *see* *Genender*, 451 S.W.3d at 928, and that judgment is not before us in this appeal.

After the adverse judgment on her breach of contract claim in county court, Genender filed her DTPA claims in district court on October 4, 2013, and, on October 18, 2013, nonsuited the severed and still pending DTPA claim in county court so that her case in district court could proceed.

Store Fixtures filed a motion for summary judgment, claiming that Genender's DTPA claims were filed in district court more than two years after they accrued. Genender responded that her DTPA claims, even though untimely in district court, related back to the date of her original filing in county court. The district court granted Store Fixtures's motion for summary judgment on June 19, 2014.

After the trial court granted summary judgment on her DTPA claims based on limitations, Genender amended her petition to allege claims for fraud, unfair debt collection, and trespass. Store Fixtures filed a Second Motion for Summary Judgment and No-Evidence Motion for summary judgment, which the trial court granted.

This appeal followed.

## PROPRIETY OF SUMMARY JUDGMENT

In five issues on appeal, Genender contends the trial court erred in granting traditional summary judgment on her DTPA, fraud, and unfair debt collection claims. In a sixth issue, Genender contends the trial court erred in granting a no-evidence summary judgment on her trespass claim. We address each respectively.

### Standard of Review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joa-*

*chim*, 315 S.W.3d 860, 862 (Tex.2010). In a traditional summary judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. Tex. R. Civ. P. 166a(c) (West 2004); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005).

■ To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex.App.–Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.2006); *Hahn*, 321 S.W.3d at 524.

### DTPA—Limitations

■ In her first issue on appeal, Genender contends "the District Court erred in granting summary judgment as to [her] DTPA claims originally filed in county as § 16.064 Tex. Civ. Prac. & Rem. Code applied and tolled the applicable limitation period." Genender concedes that her DTPA claims were not filed in district court within two years of their accrual,[2] but argues that because of the tolling stat-

---

**2.** *See* Tex. Bus. & Com. Code Ann. § 17.565 (West 2011) (providing two-year limitations period for DTPA violations).

ute, her claims are timely. Store Fixtures responds that the tolling statute will not save Genender's DTPA claims because she voluntarily non-suited them in county court. We agree with Store Fixtures.

Section 16.064 of the Civil Practices and Remedies Code provides:

The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and

(2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

TEX. CIV. PRAC. & REM. CODE § 16.064 (West 2015).

Genender claims that once the county court determined that it could not hear her DTPA claims in the justice court appeal, it effectively dismissed those claims for lack of jurisdiction, thereby making § 16.064 applicable, and that she complied with § 16.064 by filing her claims in district court within 60 days. In support, Genender relies on a Fifth Circuit case, *Hotvedt v. Schlumberger, Ltd.*, 914 F.2d 79 (5th Cir. 1990) (withdrawn and superseded on reh'g, 942 F.2d 294 (5th Cir.1991). In *Hotvedt*, the case was originally filed in California federal court, which declined to exercise jurisdiction and stayed the case based on *forum non conveniens. Id.* at 81. Plaintiffs then filed in Texas and dismissed their California action. *Id.* The defendants argued that the tolling statute did not apply because plaintiffs voluntarily nonsuited the California case. *Id.* The court held that the

statute applied because, "[w]hether the action is stayed or dismissed on the grounds of *forum non conveniens*, the end result is the same; the California trial court is not going to hear this action because it has disclaimed jurisdictional authority." *Id.* at 82.

■ *Hotvedt*, however, is distinguishable. In *Hotvedt*, the California court had jurisdiction, but refused to exercise it under the doctrine of forum non conveniens. Here, however, the county court did not refuse to hear or exercise jurisdiction over the DTPA claims; instead it severed them into their own case number and was prepared to hear them separately from the justice court appeal. The severance was necessary because the remedy when a party asserts a new matter not previously pleaded in the justice court is severance, not dismissal for lack of jurisdiction. *See Harrill v. A.J.'s Wrecker Service, Inc.*, 27 S.W.3d 191, 195 (Tex.App.–Dallas 2000, no pet.) ("Because [the party appealing to county court] could have brought any additional claims constituting new grounds of recovery in county court, the trial court should have severed any such claims from the appeal of the original judgment instead of dismissing the claims."); *D'Tel Commc'ns v. Roadway Package Serv., Inc.*, 987 S.W.2d 213, 214 (Tex.App.–Eastland 1999, no pet.) (holding that new counterclaim pleaded in appeal from county court to justice court was improperly brought under rule 574a; remedy was not dismissal but severance).

The reason to sever, rather than dismiss, is because the county court *did*, in fact, have jurisdiction to hear the DTPA claims; it just could not hear them in the appeal from justice court. And, the county court did not, like the court in *Hotvedt*, refuse to hear the DTPA claims. Had it

---

done so, it would not have created a new case with a new cause number.

Because the county court was not without jurisdiction over Genender's DTPA claims, and did not refuse to exercise jurisdiction like the court in *Hotvedt*, the tolling statute does not apply. The statute of limitation is not tolled when the prior court had jurisdiction. *See Armstrong v. Ablon*, 686 S.W.2d 194, 196 (Tex.App.–Dallas 1984, no writ); *Oram v. Gen. Am. Oil Co. of Texas*, 503 S.W.2d 607, 609 (Tex.Civ. App.–Eastland 1973, *writ ref'd n.r.e*) by 513 S.W.2d 533 (Tex.1974).

Therefore, the trial court did not err in granting summary judgment as to Genender's DTPA claims based on limitations. Accordingly, we overrule issue one. Issues two and four also relate to Genender's DTPA claims, which we have held are time barred. Thus, we also overrule issues two and four for the same reason.

### *Fraud*

■ Store Fixtures moved for summary judgment on Genender's fraud claims, asserting that the county court's final judgment on Geneder's breach of contract claim served as res judicata on her fraud claim arising out of the same facts. In issue three, Genender contends "the District Court erred in granting summary judgment as to [her] fraud claim as res judicata does not preclude a cause of action in one case because it could have been argued as an affirmative defense in another."

■ Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in a prior action. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992); *Texas Gen. Indem. Co. v. Texas Workers' Comp. Comm'n*, 36 S.W.3d 635, 638 (Tex. App.–Austin 2000, no pet.). For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties in each action; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex.2008); *Citizens Ins. Co. v. Daccach*, 217 S.W.3d 430, 449 (Tex.2007).

However, the res judicata doctrine has been modified for those situations in which, as here, the initial lawsuit is brought in a court of limited jurisdiction and the subsequent suit is brought in district court. *Kizer v. Meyer, Lytton, Alen & Whitaker, Inc.*, 228 S.W.3d 384 (Tex.App.– Austin 2007, no pet.), *Webb v. Persyn*, 866 S.W.2d 106 (Tex.App.–San Antonio 1993, no writ), and *McClendon v. State Farm Mut. Auto Ins. Co.*, 796 S.W.2d 229 (Tex. App.–El Paso 1990, writ denied) all stand for the legal principle that a party is not barred from pursuing a claim in district court after receiving a favorable or unfavorable judgment on other claims in county court, even when the two suits involve the same parties and issues. *E.g.*, *McClendon*, 796 S.W.2d at 232. This is an exception to general estoppel rules. *Kizer*, 228 S.W.3d at 391–92; *McClendon*, 796 S.W.2d at 232–33. The exception is codified in section 31.004 of the Civil Practice and Remedies Code, which states:

> A judgment or a determination of fact or law in a proceeding in a lower trial court is not res judicata and is not a basis for estoppel by judgment in a proceeding in a district court, except that a judgment rendered in a lower trial court is binding thereto as to recovery or denial of recovery.

Tex. Civ. Prac. & Rem. Code Ann. § 31.004(a) (West 2015). A lower trial court includes a county court or a statutory county court. Tex. Civ. Prac. & Rem. Code Ann. § 31.004(c).

The purpose of this exception is "to preclude a judgment in a court of limited jurisdiction from controlling the results in a suit in a district court." *McClendon*, 796 S.W.2d at 232. "In the situation where a litigant brings a lawsuit in a district court subsequent to filing suit in a court of limited jurisdiction, section 31.004 ... modifies the common law so that 'res judicata bars only those claims that were *actually litigated* in the limited-jurisdiction court.'" *Kizer*, 228 S.W.3d at 391 (quoting *Wren v. Gusnowski*, 919 S.W.2d 847, 848–49 (Tex.App.–Austin 1996, no writ) (emphasis added)). "In other words, under section 31.004, res judicata does not bar unlitigated claims simply because they *could have* been litigated in the lower trial court." *Id.* (emphasis added).

Thus, we must decide whether Genender's fraud claims were *actually* litigated in the county court action, not just whether they could have been brought there as contended by Store Fixtures. An issue is "actually litigated" when it is properly raised, by the pleadings or otherwise, submitted for determination, and determined. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384, (Tex.1985) (citing Restatement (Second) of Judgments § 27 cmt. d (1982)).

Here, Genender's county court pleadings do not include a fraud claim, no fraud claim was submitted to the jury, and the jury did not determine whether fraud occurred. Additionally, while fraud may be a defense to a breach of contract claim, it was not asserted in the county court case as such. Although the breach of contract claims in the county court at law and the fraud claims in the district court essentially complain about the same conduct— Store Fixtures's sale of defective fixtures and the representations made therewith—

and likely seek, in large part, the same damages, the claims are distinct and require proof of different elements. *See Kizer*, 228 S.W.3d at 391–92. As such, we cannot conclude that Genender's fraud claims were "actually tried" along with her breach of contract claim in county court. Therefore, pursuant to § 31.004(a) of the Civil Practices and Remedies Code, Genender's fraud claim is not precluded by the doctrine of res judicata.

Accordingly, we sustain issue three. We reverse the summary judgment as it relates to Genender's fraud claims and remand for further proceedings.

### Unfair Debt Collection

In her petition, Genender claimed that Store Fixtures violated the Texas Debt Collection Act [TDCA][3] by sending a private investigator to her store to collect information to be used in the lawsuit. Specifically, Genender complained that the private investigator entered her store and made a video showing that the disputed shelving was inside Genender's store and was actually being used by Genender. Store Fixtures moved for summary judgment, alleging that, as a matter of law, their private investigator was not a "debt collector."

The TDCA has a two-tiered structure that includes both "third-party debt collectors" (defined the same as "debt collectors" under the Federal Debt Collection Act) and "debt collectors," which include anyone "who directly or indirectly engages in debt collection." *See* Tex. Fin. Code Ann. § 392.001(6) (West 2006). Here, Genender does not contend that the investigator was a third party debt collector, but an agent of Store Fixtures who was directly or indirectly engaged in attempting to collect her debt to Store Fixtures. *See Monroe v. Frank*, 936 S.W.2d 654, 660 (Tex.App.–

---

**3.** *See* Tex. Fin. Code Ann. § 392.304 (West 2006).

Dallas 1996, writ dism'd w.o.j.) (holding that TDCA applies to entities attempting to collect their own debt); *see also Lilly v. Tolar*, No. 06–01–00163–CV, 2002 WL 1926527, at *8 (Tex.App.–Texarkana 2002, pet. denied) (holding bail bond service was a debt collector when it attempted to repossess a truck to satisfy a debt it believed it was owed after bail bond was forfeited).

However, Genender cites no authority, and we can find none, to support her assertion that a private investigator hired to collect information for use in a breach of contract suit is attempting to collect a debt for his or her employer. Because it is undisputed that the private investigator was collecting evidence, not Genender's debt, we conclude that the trial court properly granted summary judgment on Genender's claims under the TDCA.

We overrule issue four.

*Trespass*

■■■ Genender's petition contained a cause of action for trespass, alleging that Store Fixtures's private investigator trespassed in her store when he came in and filmed without her permission. Store Fixtures filed a no-evidence motion for summary judgment, alleging that Genender did not "have a scintilla of evidence to support element number 3 [of her trespass cause of action]: defendant's trespass cause injury to plaintiff's right of possession." Genender did not file a response presenting such evidence, but, instead, requested a continuance until after the private investigator had been deposed.

On appeal, Genender argues that her right of possession was interfered with because she would have refused entry to the investigator had she known his true purpose in being there, and that, because he was not there to conduct business, he was trespassing. However, Genender's response in the trial court did not contain this argument or the necessary evidence in

support thereof, but was merely a request for a continuance. Because Genender did not come forward with a scintilla of evidence to support her trespass claims, the trial court did not err in granting Store Fixtures' no-evidence motion for summary judgment.

We overrule issue five.

## CONCLUSION

We reverse the trial court's summary judgment as it relates to Genender's fraud claim. We affirm the remaining portions of the judgment.

Justice Keyes, dissenting.

Evelyn V. Keyes, Justice, concurring and dissenting.

This suit represents appellant Jamie Genender's third suit on the same facts. In this suit, Genender appeals the trial court's summary judgment in favor of Larry Kirkwood and USA Store Fixtures, L.L.C. ("Store Fixtures") on her claims for DTPA violations, fraud, unfair debt collection practices, and trespass arising out of her purchase of used shelving from Store Fixtures. The majority affirms the summary judgment on all claims except on Genender's fraud claim, which it remands for trial.

I believe the majority's opinion on Genender's fraud claim incorrectly construes Civil Practice and Remedies Code section 31.004(c) as preventing collateral estoppel from barring Genender's putative fraud claim when all ultimate issues of fact material to Genender's fraud claim were previously litigated to an adverse final judgment against Genender in county court. That statute provides that determinations of fact or law by a lower trial court are not the basis for res judicata or collateral estoppel in a trial in district court, *"except*

that a judgment rendered in a lower trial court is binding on the parties thereto as to recovery or denial of recovery." TEX. CIV. PRAC. & REM. CODE ANN. § 31.004(a) (West 2015) (emphasis added). Denial of recovery *does* bar relitigation of the same ultimate issues of fact. Here, a binding prior judgment was rendered on the same ultimate issues of fact denying Genender recovery. The majority opinion, by undoing that judgment, writes the exception out of section 31.004. Therefore, while I join the majority opinion as to Genender's other claims, I respectfully dissent with respect to her fraud claim. I would affirm the summary judgment in favor of Store Fixtures as to all of Genender's claims.

### Propriety of Summary Judgment

In five issues on appeal, Genender contends that the trial court erred in granting traditional summary judgment on her DTPA, fraud, and unfair debt collection claims. In a sixth issue, Genender contends that the trial court erred in granting a no-evidence summary judgment on her trespass claim.

### Genender's *DTPA*, Fair Debt Collection and Trespass Claims

I agree with the majority that Genender's DTPA claims are time-barred, that she failed to state a claim under the Texas Debt Collection Act, and that she produced no evidence to support her trespass claim, so that the trial court properly granted summary judgment on those claims. *See* Op. at 511–13, 514–15. I therefore join the majority opinion with respect to these issues.

I disagree, however, with the majority's reversal of the trial court's summary judgment on Genender's fraud claim. I would hold that this claim is barred by collateral estoppel.

### Fraud

Store Fixtures moved for summary judgment on Genender's fraud claims, asserting that the county court's previous final judgment on her breach of contract claim served as res judicata on her fraud claim arising out of the same previously adjudicated facts that were essential to the county court's adverse judgment against her. In issue three, Genender contends that "the District Court erred in granting summary judgment as to [her] fraud claim[,] as res judicata does not preclude a cause of action in one case because it could have been argued as an affirmative defense in another."

The majority, relying on Civil Practice and Remedies Code section 31.004(c) and case law construing it, agrees with Genender that her fraud claim survives to be tried in the district court after her contract claim, based on the same essential operative facts and seeking the same relief, was litigated to a final judgment in the county court. I would hold that Genender's fraud claim is barred by collateral estoppel, or issue preclusion, because the ultimate issues of fact essential to Genender's fraud claim have already been litigated to a final judgment against her in a court of record. Therefore, these ultimate issues may not be relitigated in a collateral proceeding on a different legal theory. To allow this practice is contrary to the purpose of the statute the majority reads as permitting it and is wasteful of legal and judicial resources.

### A. Res Judicata, Collateral Estoppel, and Section 31.004

Res judicata, broadly speaking, is the generic name for a group of related concepts concerning the preclusive effect of judgments. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). "Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of

action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Id.*; *Tex. Gen. Indem. Co. v. Tex. Workers' Comp. Comm'n*, 36 S.W.3d 635, 638 (Tex.App.–Austin 2000, no pet.). For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties in each action; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex.2008); *Citizens Ins. Co. v. Daccach*, 217 S.W.3d 430, 449 (Tex.2007). This doctrine prevents splitting a cause of action in order to "bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Barr*, 837 S.W.2d at 629.

Also within the doctrine of res judicata as a generic concept is collateral estoppel, or issue preclusion, which "prevents relitigation of particular issues already resolved in a prior suit." *Id.* at 628. Collateral estoppel is narrower than res judicata. *Tex. Capital Sec. Mgmt., Inc. v. Sandefer*, 80 S.W.3d 260, 264 (Tex.App.–Texarkana 2002, pet. struck). "Collateral estoppel applies when an issue decided in the first action is actually litigated, essential to the prior judgment, and identical to an issue in a pending action." *Casa Del Mar Ass'n, Inc. v. Gossen Livingston Assocs., Inc.*, 434 S.W.3d 211, 219 (Tex.App.–Houston [1st Dist.] 2014, pet. denied). This doctrine prevents the relitigation of any ultimate fact issue previously litigated even though the subsequent suit brings different causes of action. *Williams v. City of Dallas*, 53 S.W.3d 780, 785 (Tex.App.–Dallas 2001, no pet.). To establish collateral estoppel, a party must establish three factors: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex.1994); *Rexrode v. Bazar*, 937 S.W.2d 614, 617 (Tex.App.–Amarillo 1997, no writ).

Both res judicata and collateral estoppel have been partially abrogated by statutes for those situations in which, as here, the initial lawsuit is brought in a court of limited jurisdiction and the subsequent suit is brought in district court. This statutory exception to res judicata and collateral estoppel is codified in Civil Practice and Remedies Code section 31.004, which provides:

> A judgment or a determination of fact or law in a proceeding in a lower trial court is not res judicata and is not a basis for estoppel by judgment in a proceeding in a district court, except that a judgment rendered in a lower trial court is binding on the parties thereto as to recovery or denial of recovery.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.004(a). A lower trial court includes a constitutional county court or a statutory county court. *Id.* § 31.004(c)

Under section 31.004(c), a party is not barred from pursuing a claim in district court after receiving a favorable or unfavorable judgment on *other* claims in county court, even when the two suits involve the same parties and issues. *See Kizer v. Meyer, Lytton, Alen & Whitaker, Inc.*, 228 S.W.3d 384, 391 (Tex.App.–Austin 2007, no pet.); *Webb v. Persyn*, 866 S.W.2d 106, 107 (Tex.App.–San Antonio 1993, no writ); *McClendon v. State Farm Mut. Auto Ins. Co.*, 796 S.W.2d 229, 231 (Tex.App.–El Paso 1990, writ denied). This is an exception to general estoppel rules. *McClendon*, 796 S.W.2d at 232; *see Kizer*, 228 S.W.3d

at 391–92. Its purpose is "to preclude a judgment in a court of limited jurisdiction from controlling the results in a suit in a district court." *McClendon*, 796 S.W.2d at 232.

"In the situation where a litigant brings a lawsuit in a district court subsequent to filing suit in a court of limited jurisdiction, section 31.004 ... modifies the common law so that 'res judicata bars only those claims that were *actually litigated* in the limited-jurisdiction court.'" *Kizer*, 228 S.W.3d at 391 (quoting *Wren v. Gusnowski*, 919 S.W.2d 847, 848–49 (Tex.App.–Austin 1996, no writ)) (emphasis added). An issue is "actually litigated" when it is properly raised, by the pleadings or otherwise, submitted for determination, and determined. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex.1985) (citing Restatement (Second) of Judgments § 27 cmt. d (1982)). "In other words, under section 31.004, res judicata does not bar unlitigated claims simply because they *could have* been litigated in the lower trial court." *Kizer*, 228 S.W.3d at 391 (emphasis added).

In *Kizer*, the Austin Court of Appeals began its analysis "by comparing the pleadings filed in each court" and stated, "If the pleadings in the district court allege claims not encompassed in the pleadings in the county court at law, then those new claims are not barred by res judicata and may be litigated in the district court." *Id.* Thus, in *Kizer*, the court of appeals held that, even though breach of warranty claims brought by Kizer in the county court at law and breach of contract claims in the district court "essentially complain about the same conduct ... and likely seek, in large part, the same damages, the claims are distinct and require proof of different elements." 228 S.W.3d at 391–92. Accordingly, the majority in this case, following *Kizer*, concludes that Genender's

fraud claim was not "actually litigated" in the county court action because "Genender's county court pleadings do not include a fraud claim, no fraud claim was submitted to the jury, and the jury did not determine whether fraud occurred," and she did not assert fraud in the county court case as a defense to Store Fixtures' breach of contract case. Op. at 514. I believe the majority misconstrues both the language of section 31.004 and the holding in *Kizer*.

### B. Analysis

The majority acknowledges that the "breach of contract claims in the county court at law and the fraud claims in the district court essentially *complain about the same conduct*—Store Fixtures' sale of defective fixtures and the representations made therewith—and likely *seek, in large part, the same damages*," but it concludes that these claims were not "actually tried" because the contract and fraud "claims are distinct and require proof of different elements." Op. at 514 (emphasis added) (citing *Kizer*, 228 S.W.3d at 391–92). Accordingly, the majority concludes that, "pursuant to § 31.004(a) of the Civil Practices and Remedies Code, Genender's fraud claim is not precluded by the doctrine of res judicata," and it reverses the summary judgment "as it relates to Genender's fraud claims" and remands those claims for further proceedings. *Id.*

I disagree with this narrow reading of the term "actually litigated" to refer only to *claims* that were *named* in the pleadings in the previous court and *not* to the litigation of *ultimate issues of fact* that were litigated to denial of recovery—here, a take-nothing judgment in Store Fixtures' favor. *See Williams*, 53 S.W.3d at 785 (stating that collateral estoppel "prevent[s] the relitigation of any ultimate fact issue previously litigated even though the subsequent suit brings a different cause of action"). Section 31.004(c) provides that col-

lateral estoppel will not bar a subsequent action "*except* that a judgment rendered in a lower trial court is binding thereto as to recovery or denial of recovery." TEX. CIV. PRAC. & REM. CODE ANN. § 31.004(a) (emphasis added). Here, the proviso in section 31.004(a) was satisfied.

The record on appeal from the district court establishes that Genender litigated the facts essential to support each of the elements of her fraud claim before a jury as the basis for her breach of contract claim in the county court, and she received an adverse judgment. To support her breach of contract claim and defend against the breach of contract claim brought by Store Fixtures against her in the county court, Genender submitted evidence regarding representations by Store Fixtures as to the quality, make, consistency, and condition of the shelving and as to attributes that the shelving did not have, including, among other, representations that the shelving would be shipped complete and on time, would be "a six" or better in quality and appearance, and would be replaced if defective—the exact same allegations she now brings as DTPA and fraud claims in the district court.

Genender testified in the county court that she decided to buy used shelving from Store Fixtures "[b]ecause they represented that it was like new and less expensive for starting a business and it would get to me quicker," and she testified that Store Fixtures' representations on its website "played a big part, between the delivery and the condition of the shelving," in her deciding to enter the contract with Store Fixtures. In other words, in the county court, she argued fraudulent inducement to contract based on the same representations on which she bases her fraud claim in the district court. She also testified in the county court that she asked Store Fixtures how long the processing and delivery would take and that both the quote she received and a statement from a Store Fixtures representative said five to six days. Genender also expected specific merchandise based on those communications, but she did not get the delivery at the expected time and the merchandise was not of the quality she expected.

In this suit in the district court, Genender again alleged that the delivery took longer and therefore these statements were fraudulent. In the county court, Genender also testified that she relied on Store Fixtures' website and on her conversation with the representative for what she expected to receive. Genender testified that the Store Fixtures employee represented that the quality of the shelving would be "an eight" on a scale of one to ten, and that he knew she needed the shelving by a particular date. The jury in the county court did not agree with Genender and found that she, and not Store Fixtures, had breached the contract.

After receiving this adverse judgment denying her recovery on her contract claim—which satisfied the proviso in section 31.004(a)—Genender alleges these same facts as fraudulent misrepresentations in her district court claim.

The elements of fraud are:

(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Italian Cowboy Partners Ltd. v. Prudential Ins. Co.,* 341 S.W.3d 323, 337 (Tex. 2011). The facts going to the proof of each

of those elements have already been found against her.

Here, although Genender did not plead fraud in the county court, every element of Genender's fraud claim was fully litigated before a jury and tried to an adverse final judgment in a court of record in which Genender was denied recovery. Thus, her fraud claim in the district court was barred by the common-law collateral estoppel doctrine. *See Sysco Food Servs.*, 890 S.W.2d at 801 (holding that to establish collateral estoppel, party must establish that "the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action").[1]

Although, in general, the common-law doctrine does not generally apply under section 31.004 when a case litigated in a lower trial court is relitigated in district court, Genender's fraud claim is barred from relitigation by the exception in section 31.004. This is so because, under its plain language, section 31.004 excepts from its bar to the assertion of res judicata and collateral estoppel any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit brings the same cause of action, when *recovery* has been granted or denied based on those ultimate facts. *See Williams*, 53 S.W.3d at 785; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 31.004(a); *Barr*, 837 S.W.2d at 629 (stating that res judicata prevents splitting cause of action in order to "bring all litiga-

tion to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery"). If this were *not* the case, the proviso in section 31.004(a) would have no meaning. *See* TEX. GOV'T CODE ANN. § 311.021(2) (West 2013) ("In enacting a statute, it is presumed that ... the entire statute is intended to be effective.").

I would hold, therefore, that because the ultimate issues of fact essential to proof of Genender's fraud claim were fully litigated to denial of recovery in the county court, this claim is barred by the doctrine of collateral estoppel from re-litigation in the district court under the exception to the bar of collateral estoppel in Civil Practice and Remedies Code section 31.004.

## CONCLUSION

I would affirm the trial court's summary judgment in favor of Store Fixtures as to all of Genender's claims.

Justice Keyes, concurring in part and dissenting in part.

---

1. I also note that Genender's fraud claim would also have been barred from trial in the district court by the economic loss rule if it was not barred by collateral estoppel. That rule prevents recasting contract claims as fraud claims for purposes of seeking an additional recovery. *See Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 12–13 (Tex.2007) ("The economic-loss rule ... generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract."); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex.1986) ("When the injury is only the economic loss to the subject of the contract itself, the action sounds in contract alone.").